THE DES MOINES INSURANCE COMPANY V. LENT *et al.*

1. **Fraudulent Conveyances :** CONSPIRACY : EVIDENCE. The evidence in this case considered (see opinion), and *held* insufficient to establish a conspiracy to defraud creditors by the conveyances in question, or to show bad faith in any of the conveyances.

2. ————: GOOD FAITH OF GRANTEE : CONSIDERATION. Where a daughter had money in her father's hands, and he conveyed land to her, and charged her on his books with the price of it, and she, though possibly not authorizing these transactions at the time, afterwards accepted the deed as being in accord with her wishes, and she had no knowledge of any claim that the conveyance was one of a series designed to defraud the creditors of a former holder of the land, *held* that she was a *bona-fide* purchaser for a sufficient consideration.

3. ————: ACTION TO SET ASIDE : INTERVENTION : LIS PENDENS. Where one creditor brings an action to set aside, in his favor, a conveyance alleged to be fraudulent as to him, and another creditor comes in and alleges that the conveyance is also fraudulent as to him, and asks for similar relief as to himself, he is not an intervenor, within the meaning of Code, section 2683, because he is not interested in the matter in litigation, nor in the success of either of the parties to the action, nor against both.; but he is a mere interloper, and his pleadings are unknown to the law and can have no legal effect. Consequently, a petition of intervention, so called, in such a case does not give constructive notice, under the doctrine of *lis pendens* (Code, sec. 2628), that such person claims an interest in the land.

*Appeal from Calhoun District Court.*—HON. J. H. MACOMBER, Judge.

FILED, OCTOBER 17, 1888.

ACTION in equity to subject real estate in Calhoun county to the lien of a judgment. On the twenty-seventh day of March, 1884, the defendant Lent, being then the owner of the land in question, conveyed it to defendant H. J. Griswold. The instrument of conveyance was in form a warranty deed, but was intended to secure the payment of money, and was recorded two days after

its execution. On the fifteenth day of March, 1887, Lent conveyed the land, by warranty deed, to defendant Moody; and on the next day Griswold executed to Moody a quit-claim deed of his interest. Both these instruments were recorded. On the tenth day of April, 1887, Moody conveyed the land, by warranty deed, to his daughter, Mrs. C. M. Hogg. Lent was insolvent when the last-named conveyances were made. On the twenty-sixth day of December, 1885, a justice of the peace in Polk county rendered a judgment in favor of plaintiff, and against Lent, for the sum of $57.12, interest thereon at six per cent., and $2.50 costs. A transcript of this judgment was filed in the office of the clerk of the district court of Polk county, and a transcript of that was duly filed in the proper office of Calhoun county on the fourteenth day of March, 1887. At the time the last-named transcript was filed there was pending in the district court of Calhoun county an action against Lent and Griswold, in which the plaintiffs sought to have the deed from Lent to Griswold set aside as fraudulent as to said plaintiffs. The plaintiff in this case intervened in that action on the date last mentioned, and asked that the relief therein demanded by the plaintiffs be granted to it. On the fourteenth day of April, 1887, after the deeds to Moody had been recorded, the plaintiff herein filed a substituted and supplemental petition of intervention, in which it asked the same relief as in the first; and, in addition, that Moody be made a party defendant, and that the conveyances to him be set aside as fraudulent as to the creditors of Lent. On the twenty-eighth day of April, 1887, the proceedings in intervention in the case named were dismissed, on motion of the defendants therein, without prejudice; and on the same day the plaintiff in this action filed its petition herein. The plaintiff asks that the conveyances to Griswold and Moody be declared fraudulent, and that its judgment be declared a lien on the land in question. Defendants Griswold and Moody filed answers, denying all allegations of fraud, and insisting that the conveyances executed to and by them were in good faith, and for a

valuable consideration. On the thirteenth day of September, 1887, Mrs. Hogg filed her petition of intervention, in which she claimed title to the land by virtue of the deed from Moody. A trial to the court below resulted in a decree in favor of defendants and intervenor. The plaintiff appeals.

*M. W. Frick* and *Geo. A. Smith*, for appellant.

*E. E. Stevenson* and *O. J. Jolley*, for appellee.

ROBINSON, J.—I. The petition charges that the conveyance to Griswold was executed and accepted to

1. FRAUDULENT CONVEYANCES: conspiracy: evidence.

defraud the creditors of Lent, and that the conveyances to Moody were made in pursuance of a conspiracy between Lent, Griswold and Moody for the same purpose. In our opinion the evidence does not support these allegations. It is not shown that Griswold knew that Lent was owing any one but himself when he accepted the deed as a mortgage, and he conveyed to Moody by direction of Lent when his claim was paid by Moody. When Moody made the agreement to purchase of Lent, he had no knowledge of any debts owing by Lent, excepting certain ones which he paid to secure a conveyance, as a part of the purchase price. His object in obtaining a conveyance of the land was to secure the payment of a debt owing to him by Lent. The agreement to purchase was made ten days or two weeks before the deed to Moody was executed. When the deed was delivered, and the money due to Griswold, and perhaps to others, was paid, appellant's transcript was on file in Calhoun county. Moody, of course, then knew of Lent's interest in the land, and had constructive notice of the filing of the transcript. The judgment was therefore a lien on the land as against Moody ; but, while he was informed of the judgment when he took the deed, he had no actual knowledge that a transcript of it was on file, and was not, therefore, guilty of fraud, so far as the record shows, in conveying the land.

II. The answer to the petition of intervention sets

out the intervention of appellant in the action against

2. ——: good faith of grantee : consideration. Lent and Griswold, on the fourteenth day of March, 1887 ; the filing of the substituted and supplemental petition, and the request that Moody be made a party thereto ; the dismissal of the intervention proceedings in that action ; and the commencement of this. It is now insisted that intervenor is not an innocent purchaser for value, and that the petition of intervention filed March 14, 1887, gave her constructive notice of the rights of appellant. The evidence as to the payment by intervenor is not in all respects satisfactory. It appears that she had money in the hands of Moody, and that at the time the deed was given to her she was charged with the consideration ( $2,000 ) on Moody's books. Whether she was present at the time, or had authorized the execution of the deed, and the charging to her account of the consideration, is not entirely clear ; but the testimony is positive that she accepted the deed, and that it is in accordance with her desires. It does not appear that she had any actual knowledge of appellant's claim. Therefore we conclude that she is a *bona-fide* purchaser for a sufficient consideration.

III. Appellees insist that the petition of intervention filed by appellant, March 14, 1887, was not such a

3. ——: action to set aside : intervention : lis pendens. petition as is contemplated by section 2628 of the Code. Appellant claims that it was ; and that, by virtue of the petition filed by it as intervenor and as plaintiff in this case, the intervenor in this case purchased with constructive notice of appellant's rights. *Ferrier v. Buzick*, 6 Iowa, 258. A person who has an interest in the matter in litigation, in the success of either of the parties to the action, or against both, may become a party to the action. If he intervenes, he must join the plaintiff in claiming what is sought by the petition, or must unite with the defendant in resisting the claim of plaintiff, or must demand something adversely to both plaintiff and defendant. Code, sec. 2683. One who attempts to intervene in an action pending between other parties,

without bringing himself within the provisions of the statute, is a mere interloper, who acquires no rights by his unauthorized interference, unless objection thereto is waived. His pleadings are unknown to the law, and can have no legal effect. The application of the law in regard to constructive notice often results in great hardship, and an attempt to apply it should not be approved unless its requirements as to all material matters have been met. In this case appellant did not comply with the law in any respect. It was not interested in the action pending March 14, 1887. The success of the plaintiffs would not have aided it in enforcing its claim. They averred that the conveyance to Griswold was fraudulent as to them, not as to others. Appellant did not join them in their demand for relief, but asked similar relief for itself. It did not ask any relief adverse to plaintiffs. Therefore it did not intervene in accordance with law, and was properly dismissed from the case. It is unnecessary to determine whether a petition of intervention, properly filed, would give the notice provided by section 2628 of the Code, since no petition of intervention was in fact filed. We conclude that the decree of the district court must be

AFFIRMED.