CORNELIA B. KAUFFMAN, Appellee, v. JOHN E. PHILLIPS, Defendant, Appellee, J. C. MURRAY, Appellant.

**Attorneys' liens.** An attorney's lien is purely statutory and unless
1  the facts bring the case within the terms of the statute no lien exists.

**Same:** TO WHAT ATTACHES. An attorney's lien attaches to money due
2  his client and in the hands of the adverse party or his attorney in an action in which his services were rendered, and not for a share of the recovery stipulated for by contract.

**Attorney and client:** CHAMPERTOUS AGREEMENTS. An agreement by
3  which an attorney contracts to prosecute certain demands, by the terms of which no settlement can be made of the matters involved without the full concurrence and approval of the attorney, is champertous and void, because giving the attorney an interest in the subject matter of the suit.

**Attorneys' liens:** ENFORCEMENT: PARTIES: PLEADINGS. Where plain-
4  tiff is seeking to recover a sum held by defendant and an attorney claims a lien thereon for services rendered, the court may properly order that the attorney be made a party, under the provisions of Code, section 3466. But when thus brought in he can

not by cross-petition against the plaintiff assert a cause entirely independent of his right to a lien upon the funds in controversy, and thus deprive the plaintiff of the right of a jury trial on the issues raised by his cross-petition; his rights as a party under such circumstances are no greater than they would have been had he intervened under the provisions of Code, section 3594.

*Appeal from Jackson District Court.*—HON. A. J. HOUSE, Judge.

TUESDAY, FEBRUARY 13, 1912.

THIS is a controversy over a claim made by defendant J. C. Murray, who was brought into the original case by an order of court, making him a party, in order that his rights to a fund admitted to be due by defendant Phillips to plaintiff, Kauffman, might be adjudicated. The trial court sustained a demurrer to the answer and cross-petition filed by Murray, and he appeals.—*Affirmed.*

*Wm. Graham, D. V. Jackson,* and *C. W. Farr,* for appellant.

*Keck & Keck* and *Thomas & Thomas,* for appellee Kauffman.

*W. C. Gregory* and *Wolfe & Wolfe,* for appellee Phillips.

DEEMER, J.—Plaintiff brought action to recover a judgment from defendant Phillips for the sum of $500 and interest, being the amount which he (Phillips) agreed to pay plaintiff as part consideration for a conveyance to him of certain lands in Clinton county, Iowa, by one William Phillips. The defendant answered, admitting the indebtedness, pleaded a tender of the amount due to plaintiff, and alleged that he brought the money into court and

tendered the same to plaintiff. He also filed a cross-bill against Murray and Thomas & Thomas, in which he alleged that each of said parties had served notice upon him of an attorney's lien upon any money in his hands owing to plaintiff, by reason of a contract they had with plaintiff, whereby she agreed to pay them one-third of all the money that should be collected from defendant and one-third of all the money which she might receive as one of the heirs of William Phillips, deceased. He further averred that, while Thomas & Thomas had settled with plaintiff, Murray had not, but was still claiming a lien and insisting that he was entitled to one-third of the amount owing by him to plaintiff; and that he could not safely settle with plaintiff until Murray's claims to the money were adjudicated. He asked an order requiring Thomas & Thomas and Murray to be brought into court and made parties to the action, in order that his liability to them be settled; and that he be protected in paying the money to the plaintiff. An order was made that these persons be made parties, and that they each and all appeared. Thomas & Thomas filed a disclaimer, and Murray filed an answer and cross-petition to plaintiff's petition and to the cross-petition of Phillips. To this plaintiff demurred, and the demurrer was sustained. Thereupon Murray elected to stand on his pleading, and judgment was rendered against him for costs. From these rulings, the appeal is taken.

In his cross-petition, Murray alleged, in substance, that he was employed by plaintiff to ascertain and protect her rights as an heir of Hannah Phillips, deceased, and as heir apparent of William Phillips, who was then living, and to act as her attorney and counselor in all of said matters; that he, with Thomas & Thomas, entered into a written contract with plaintiff, whereby they were retained to act as her attorneys in these matters and to prosecute all suits to final judgment and settlement; that under said

retainer Murray and his associates instituted a number of actions, and were engaged in preparing the same for trial, when plaintiff, in order to defraud Murray out of his compensation, discharged him.   He further alleged, in substance, that among these proposed actions was a general retainer in matters against William Phillips, D. H. Phillips, and John E. Phillips, a suit against J. E. Phillips in Jackson county, a suit against J. E. Phillips in Clinton county, and another suit against J. E. Phillips in Clinton county, and a suit against William Phillips and others in Clinton county, all of which work was done under the said retainer of plaintiff, and on which remains due and unpaid the sum of $1,276.75.   There is also a claim for the value of services rendered by Murray for the plaintiff at her instance and request.   The written contract under which Murray claims was entered into by plaintiff and six other persons with Murray and Thomas & Thomas, and recites that, as the parties first named were desirous of employing counsel for the purpose of partitioning certain real estate at one time owned by Fred Lockwood, and later by William Phillips and Hannah J. Phillips, his wife, situated in Brookfield township, Clinton county, Iowa, and of procuring the settlement and administration of the estate of Hannah J. Phillips, some time deceased, of whom they are heirs at law, and of preserving their rights as heirs at law to the real and personal property of William Phillips, a person of great age and of declining mental powers, now a resident of Brookfield township, Clinton county, Iowa, that they thereby contracted with Thomas & Thomas and Murray for these several purposes, and "agreed with them that they shall act as their attorneys and counselors at law in any and all suits necessary for these several purposes to final termination and judgment or settlement, and that they shall have as their fees the agreed sum of $120, the receipt of which is hereby acknowledged by said attorneys, and that they shall

have, as a further and contingent fee for their services to be rendered in these various matters, thirty-three and one-third percent of all the moneys recovered, either by settlement or otherwise, save and except only that the fee for the settlement and partition of the real estate mentioned shall be only such as is allowed by law, in so far as the share of Cornelia Kauffman is concerned. It being the intent of the parties to this contract to vest in said attorneys one-third interest and ownership in the properties and moneys therein referred to, or which may grow out of the interest of these parties, as a contingent fee in addition to the fee of $120 herein mentioned, and to grant them an attorney's lien therefor; and said attorneys are by this writing instructed and authorized to commence such suit or suits and maintain the same in the courts of this state as may be by them deemed advisable or expedient. It being specially understood that one-half of the fees herein provided for shall be due to the firm of Thomas & Thomas and one-half shall be due and owing J. C. Murray, and, should other counsel be employed, all of their proper charges shall be equally paid by the attorneys, parties to this contract; and that no settlement can be made of the matters and things concerning which this contract is made without the full concurrence and approval of the parties hereto, both clients and attorneys."

The demurrer was a general equitable one; and it also challenged the right of Murray to any lien upon or claim to the fund in court, for the reason that no services were rendered under the contract, or were contemplated thereby, in establishing the claim under which the fund in question arose or was secured.

This somewhat involved statement is · necessary to an understanding of the points presented by the appeal.
1. ATTORNEYS' LIENS. The first proposition to be considered is whether or not Murray had any interest in, claim to, or lien upon, the fund in the hands of Phil-

lips which he paid into court. If he had any, it must be in virtue of an attorney's lien thereon. Under the statute, an attorney has a lien: "(3) Upon money due his client in the hands of the adverse party or attorney of such party, in an action or proceeding in which the attorney claiming the lien was employed, from the time of giving notice in writing to such adverse party, or attorney of such party, if the money is in the possession or under the control of such attorney, which notice shall state the amount claimed, and, in general terms, for what services." Code, section 321, par. 3. No such lien existed at common law, and, as it is statutory, the facts must bring the case within the terms of the enactment; else no lien exists. *Ward v. Sherbondy,* 96 Iowa, 477.

Turning to the written contract between the parties, the substance of which we have quoted, it will be observed that no such action as here brought was contemplated; and the money due from Phillips was not held by him in any action or proceeding in which Murray was employed. Moreover, an attorney has a lien for services rendered, and not for the share of the recovery stipulated for by contract. *Gibson v. Railroad Co.,* 122 Iowa, 568. It is clear that no services were rendered by Murray in the main case now before us.

2. SAME:
to what
attaches.

Again, under the rule announced in *Boardman v. Thompson,* 25 Iowa, 487, and other like cases, the contract, by reason of the agreement as to settlement, was champertous and void. In fairness to counsel, it should be stated that they do not seriously claim that Murray is entitled to an attorney's lien upon the funds paid into court by Phillips. They do insist, however, that Murray's cross-petition states a good cause of action against plaintiff for services performed at her instance and request, and that, although the action is in equity, he is entitled to have his peti-

3. ATTORNEY
AND CLIENT:
champertous
agreements.

tion considered and treated as a cross-petition against the plaintiff, although he had no lien upon or claim to the fund in controversy; and this presents the only serious question in the case.

Murray was ordered brought into the action by Phillips, because he (Murray) claimed a lien upon the fund; and the order bringing him in was made pursuant to section 3466 of the Code, which reads as follows: "The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy between the parties before the court can not be made without the presence of other parties, it must order them to be brought in." This provision is especially applicable to cases where the debtor is under an apparent liability to two different parties for the same debt, and only one of them is before the court. *Fowler v. Doyle*, 16 Iowa, 534. It was proper, then, for the court to order Murray brought in and his appearance was for the purpose, primarily, of protecting the defendant Phillips.

4. ATTORNEYS' LIENS: enforcement: parties: pleadings.

Being in the case, the question arises, Is he limited in any way as to the issue which he may tender? Or may he divert the controversy into another channel and plead, as he might have done, had plaintiff made him a party to her suit? These questions are answered, in principle at least, by *Hoyt v. Gouge*, 125 Iowa, 603, wherein the nature of a bill of interpleader is fully discussed and the rights of the parties stated. Upon the issues introduced by Murray in his cross-petition against plaintiff, plaintiff was entitled to a jury trial; and to permit him to introduce into this case such a cause of action as he now relies upon would violate the general rule that, where one has a plain and speedy remedy at law, he can not maintain a bill of interpleader. Murray's action in his cross-

petition against plaintiff is purely an action at law, entirely independent of his right to a lien upon the funds in controversy, and he should not be permitted to inject it into this case and deprive plaintiff of a jury trial thereon.

While Murray does not stand in the exact position of an intervener, he certainly has no greater rights than he would have had, had he intervened as authorized by section 3594 of the Code. As intervener, he would not have been entitled to maintain his cross-bill against the plaintiff. *Van Gorden v. Ormsby*, 55 Iowa, 657; *Des Moines Ins. Co. v. Lent*, 75 Iowa, 522.

If Murray be treated as a codefendant with Phillips, he could not plead his cause of action against the plaintiff by way of cross-petition; for it is upon a contract in favor of Murray alone, in which his codefendant had no interest. Code, section 3570; *Jenkins v. Barrows*, 73 Iowa, 438.

The trial court did not err in sustaining the demurrer to the answer and cross-petition filed by Murray, and the judgment rendered against him is correct. This judgment, however, should not be treated as an adjudication of his claim against plaintiff for services performed, or for damages for breach of contract. —*Affirmed.*