HARRY I. STELTZER, Appellee, v. MARY H. COMPTON, Appellee,
    CLATE KERLIN, LIZZIE KERLIN and WALTER T. FITZGERALD,
    Appellants.

Actions: INTERVENTION. To entitle a party to intervene in an action
    between others he must have an interest in the subject of litigation,
    and must either join the plaintiff in claiming what is sought by
    the petition, or unite with the defendant in resisting the claim of
    plaintiff, or present a demand adverse to both plaintiff and de-
    fendant. He cannot come into the action upon an independent
    right of action which will be in no way affected by the outcome
    of the original controversy. Thus the makers of usurious notes
    cannot intervene and assert usury, in an action for specific per-
    formance of a contract providing that defendant should accept such

notes as part of the consideration, which action was defended on
the ground that the notes were usurious.

*Appeal from Dallas District Court.*—HON. J. H. APPLEGATE,
Judge.

TUESDAY, MARCH 17, 1914.

ACTION for specific performance. Petition of interven-
tion filed. Petition of intervention dismissed, on the ground
that the matters therein set out are not germane to any con-
troversy between the plaintiff and the defendant. Interveners
appeal.—*Affirmed.*

*Ryan & Ryan,* for appellants.

*F. G. Ryan* and *Harry Wifvat,* for appellee, Mary H.
Compton.

*H. S. Dugan,* for appellee, Harry I. Steltzer.

GAYNOR, J.—The plaintiff brought his action against the
defendant for a specific performance of a certain written con-
tract in which the defendant agreed to convey to plaintiff cer-
tain real estate for the sum of $22,400, in consideration for
which the defendant, among other things, agreed to accept a
certain promissory note, payable to the plaintiff and signed
by the interveners, Walter T. Fitzgerald, Margaret Fitzgerald,
Lizzie Kerlin, and Clate Kerlin. The defendant, among other
things, alleged, as a defense to plaintiff's right to a specific
performance, that she relied upon the fact that the note afore-
said, which by her contract she agreed to accept as part con-
sideration for her conveyance, was a valid obligation and
enforceable against the makers of the note; that she was, sub-
sequently, informed that the note, so to be delivered to her,
was tainted with usury, and was therefore not enforceable
against the makers of the note, and would be subject to such

defenses in her hands if she took it, that the note was not what it purported to be on its face, and that she was deceived into signing the contract and entering into the agreement to convey; and alleged that, by reason of the fact aforesaid, and other facts alleged, she was not, in equity, bound to a performance of said contract; that plaintiff was therefore not entitled to the specific performance of it, and asked that plaintiff's petition be dismissed. Thereupon these interveners filed their petition of intervention, in which they allege that the promissory note, referred to in defendant's answer, made by them, and which the plaintiff is seeking in the action to compel the defendant to take in part payment for her land, was given entirely for usurious interest, and that interveners are therefore interested in the controversy in so far as said note is involved, and that they have an interest in preventing the passing of said note, tainted with usury, into the hands of the defendant; that, if this were permitted, they might be deprived of their defense to said note, and they ask that they be permitted to present their defense to said note, that justice may be administered between interveners and the plaintiff, and they pray that an accounting be had between the interveners and the plaintiff, and that said note be decreed null and void, and that the same be fully discharged.

To this petition of interveners plaintiff demurred. Thereupon the cause proceeded to trial upon the issues tendered between the plaintiff, the defendant, and the interveners. After the evidence had proceeded at some length, a motion to dismiss petition of intervention was made, which, among other things, stated: "The claims of the interveners, as set forth in their petition, are not germane to the issues in this case between the plaintiff and the defendant, in that they have failed to show that they have any right that will be prejudiced by any adjudication between the plaintiff and the defendant; that they are attempting to inject new matters in the main suit, and extend the scope of litigation beyond the controversy between the plaintiff and the defendant." Thereupon

the court made the following ruling: "And now on this 3d day of April, 1913, the trial of this case being in progress and the witnesses Walter T. Fitzgerald and Clate Kerlin having been examined on behalf of the defendant and said interveners, plaintiff presents his demurrer to the petition of interveners, for a ruling thereon, and said demurrer, having been duly considered by the court, is overruled, to which ruling at the time plaintiff duly excepts. Thereupon, plaintiff presents for the consideration of the court his motion to dismiss the petition of intervention, which motion was filed this day; the court upon due consideration thereof, sustains said motion and dismisses said petition of intervention, and taxes the costs, made by said intervention, to the interveners. It is therefore ordered and adjudged that the petition of interveners be, and it is hereby, dismissed, at the costs of interveners, taxed at $19.40, for which sum of $19.40 it is ordered, adjudged, and decreed plaintiff have and recover judgment against the interveners, Clate Kerlin, Lizzie Kerlin, and Walter T. Fitzgerald; to each of which orders and to said judgment said interveners at the time duly except." After this ruling dismissing interveners' petition, the cause proceeded to trial upon the issues between the plaintiff and the defendant, and thereafter the court entered a decree in favor of the defendant dismissing plaintiff's petition, and the controversy between plaintiff and defendant was at an end. From the order dismissing interveners' petition, interveners have appealed to this court.

The plaintiffs claim the right to intervene under section 3594 of the Code of 1897, which reads as follows: "Any person who has an interest in the matter in litigation, in the success of either of the parties to the action, or against both, may become a party to an action between other persons, either by joining the plaintiff in claiming what is sought by the petition, or by uniting with the defendant in resisting the claim of the plaintiff, or by demanding anything adversely, to both the

plaintiff and defendant, either before or after issue has been joined in the cause, and before the trial commences."

In this case, the plaintiff sought a specific performance of a written contract made between him and the defendant. He sought, by the action, to compel the defendant to convey to him certain lands, and to take from him in payment therefor, as provided in the contract, a note executed by these interveners. The defendant denied his right to a specific performance, and based this denial, among other things, upon the fact, as alleged by her, that the note executed by these interveners, and which the plaintiff sought to compel her to take, was tainted with usury, and therefore the court ought not to decree a specific performance of the contract. As between the plaintiff and the defendant, so far as this issue is concerned, the only question for the court to determine is whether or not a decree of specific performance ought to be entered against the defendant. Upon this issue tendered, the plaintiff's right to a decree depended upon whether or not the note in question was tainted with usury, and whether or not the plaintiff fraudulently concealed this fact from the defendant to induce her to enter into the contract. If the fact were found, as alleged by the defendant, the court undoubtedly would refuse, as it did refuse, a specific performance of the contract.

A petition of intervention, under this statute, to be permissible, the intervener in the petition must join the plaintiff in claiming what is sought by him in his petition, or must show a right to unite, an interest in uniting, and must unite with the defendant in resisting plaintiff's claim.

In the case at bar, interveners did not unite with the plaintiff in asking any relief against the defendant, nor did they join with the defendant; nor did they have an interest in joining with the defendant in resisting plaintiff's claim for a specific performance, nor did they demand anything adversely to both the plaintiff and the defendant. They presented, and sought to enforce, an independent right on the part of these interveners, against the plaintiff—a right to pro-

tect which it was not necessary for them to join in this suit or secure the relief for which they prayed.

Before this petition of intervention was filed, the defendant was advised of the usurious character of the note and made her defense on that ground. The intervention added nothing to her defense. Nor did the dismissal of the petition take away from these interveners, or adjudicate any right which they sought to have investigated in this case. They were clearly interlopers in a proceeding and suit in which the success or failure of either party would in no way affect their rights, and they did not ask relief or demand anything adversely to both of these parties litigant. As said in *Des Moines Ins. Co. v. Lent*, 75 Iowa, 522, 525: "One who attempts to intervene in an action pending between other parties, without bringing himself within the provisions of the statute, is a mere interloper, who acquires no rights by his unauthorized interference."

In the case at bar, the success of the plaintiff would not have defeated any right that the interveners had, or attempted to assert, in this suit. The success or failure of the defendant in that suit would not affect any right they had or attempted to assert. The relief they sought was independent of any controversy between these parties, and independent of any relief which could possibly be granted to either of the parties in the suit as originally brought. But, however this may be, the cause between the plaintiff and the defendant is terminated by a judgment of the court in favor of the defendant, dismissing plaintiff's petition.

There is no action pending now between these parties, and a reversal of this cause would not add to interveners' right to proceed against the holder of this note for a cancellation, on the grounds averred in their petition of intervention.

.The issue, sought to be tendered by the petition of intervention, was not fully tried and disposed of on its merits in the court below. The case was disposed of there on purely technical grounds. No decree upon the merits of the con-

troversy was entered in the district court. It is not triable *de novo* here for that reason. The most that could be done, if we found error in the ruling of the court, would be to reverse the cause and send it back for trial upon its merits. We do not think any good purpose would be served by this, even if we found error in the court's action. We find no reversible error, and the cause is—*Affirmed.*

LADD, C. J., and DEEMER and WITHROW, JJ., concur.