L. E. COOPER, Receiver, Appellant, v. HANS ERICKSON et al., Appellees; J. G. MILLER, Intervener, Appellant.

No. 40996.

NOVEMBER 24, 1931.

Roseberry & Roseberry, for appellant.

J. T. Keenan, for J. G. Miller, Intervener-appellant.

Nelson Miller and Henderson, Hatfield & Wadden, for appellees.

KINDIG, J.—One E. Boysen operated an unincorporated bank at Brunsville, Iowa, prior to and until January 1, 1925. On September 21, 1929, a receiver was appointed for the bank by the Plymouth County District Court, because of the institution's insolvency. Immediately preceding the appointment of the receiver, that is to say, on September 20, 1929, the defendant-appellee, Hans Erickson, conveyed to his daughter, the defendant-appellee Anna Erickson, 240 acres of land in Plymouth County. So, the plaintiff-appellant, as receiver of the aforesaid bank, commenced this action on September 24, 1929, to obtain the following relief: First, a judgment against the defendant-appellee Hans Erickson on behalf of the bank's creditors, on the theory that the bank was operated by an actual or ostensible co-partnership consisting of the said Erickson and the above-named Boysen; and, second, a nullification of the conveyance from the appellee Hans Erickson to the appellee Anna Erickson, on the theory that the transfer was without consideration and made to defraud creditors.

Thereafter, on April 14, 1930, a petition of intervention was filed by the intervener-appellant, J. G. Miller. In his petition, the intervener sought, on behalf of certain creditors whose claims had been assigned to him, relief similar to that claimed by the appellant receiver against both appellees. It is alleged in the petition of intervention that the right to maintain the aforesaid action is personal to the intervener and his assignors, and therefore different and more complete than the power of the appellant receiver so to do. Furthermore, the intervener in the petition of intervention states "that he waives objection and consents to the granting to the receiver," appellant, "the benefits of the relief asked in the" original "petition." Such waiver and consent, however, is expressly limited to the claims named

in the petition of intervention and does not purport to apply to all creditors. Moreover, it is to be noted that the intervener does not assign his rights to the receiver, nor does he waive objection and give consent absolutely that the receiver may recover; but rather the intervener waives objection and consents to the granting of the power to recover to the receiver. Following the petition of intervention, the appellant receiver amended his petition: First, by making a part thereof the petition of intervention by reference; and, second, by dismissing from his petition all right to recover on any claims not assigned to the intervener. Obviously, then, neither the receiver nor the intervener purport to represent all the creditors but only those whose claims had been assigned to the intervener.

An attack was made upon the original petition and the petition of intervention by the appellees, Hans Erickson and Anna Erickson. The attack on the petition of intervention was by motion to strike, filed October 9, 1930. This motion was based on the ground that the petition of intervention attempts to join issues at law with issues in equity. Other matters are mentioned in the motion, but we find it unnecessary to discuss them. Appellees' motion to dismiss the petition was filed September 22, 1930, and, so far as material, makes the following attacks upon the receiver's pleading: First, that there is a misjoinder of causes of action, one in equity and the other at law; second, that it does not appear in the petition that the receiver was authorized when appointed to bring this suit against the appellants; third, that the receiver does not have the authority or capacity to maintain this proceeding against the appellants; fourth, that the receiver has an adequate remedy at law which he has not pursued; and, fifth, that the receiver should first obtain judgment against the appellee, Hans Erickson, before he can maintain an equitable proceeding to set aside the conveyance of the aforesaid land to the appellee, Anna Erickson.

That, in a general way, sets forth the controversy here involved.

I. For convenience, the appellee Anna Erickson's motion against the receiver's petition is first considered.

Manifestly, according to the petition, the receiver has obtained no judgment against the appellee Hans Erickson. No adjudication has been made that the appellee Erickson was a

partner in the banking business before described. Nevertheless the receiver attempts in his petition to set aside the conveyance of land from the appellee Hans Erickson to the appellee Anna Erickson. If the receiver did not obtain a judgment in the premises against Hans Erickson, there would be no occasion or basis for setting aside the conveyance. It is obvious that the receiver is not proceeding against the land under an attachment, but rather he seeks to set aside the conveyance in a general equitable proceeding. His action is in the nature of a creditor's bill. Under these circumstances it is necessary that the receiver first obtain, if he can, a judgment against the alleged debtor Hans Erickson, the appellee, or have a lien on the real estate involved. Drahos v. Kopesky, 132 Iowa 497; Peterson v. Gittings, 107 Iowa 306; Smith v. Nursery & Seed Co., 109 Iowa 51; Clark v. Raymond, 84 Iowa 251; Goode v. Garrity, 75 Iowa 713. Section 11815 of the 1927 Code contains this provision:

"At any time after the rendition of a judgment, an action by equitable proceedings may be brought to subject any property, money, rights, credits, or interest therein belonging to the defendant to the satisfaction of such judgment." * * *

Thus it is seen that the proceeding contemplated in the foregoing statute only can be had after "the rendition of a judgment." Faivre v. Gillman, 84 Iowa 573. Other methods for reaching property fraudulently conveyed are provided by sections 12104 to 12106, both inclusive, of the 1927 Code, which do not require a prior judgment. That statutory method is by attachment. Porter v. Wingert, 200 Iowa 1371; Pace v. Mason, 206 Iowa 794 (local citation, 803).

Upon the subject under discussion, we said in Federal Reserve Bank v. Geannoulis, 203 Iowa 1385, reading on page 1388:

"A number of our early Iowa decisions held that, under these circumstances (where there was no prior judgment), the original claim must be put into judgment before an action on a creditor's bill could be maintained. Later, we held that, *under certain circumstances*, the proceedings for judgment on the original claim and an action to subject the property could be brought in the same proceeding." (The italics are ours).

No situation amounting to the exceptions referred to in the

Federal Reserve Bank case (203 Iowa 1385), supra, is present in the proceedings now under review.

Therefore, the district court properly sustained the motion of the appellee Anna Erickson, filed against the receiver's petition. This is true because the receiver had failed to obtain a prior judgment against the appellee Hans Erickson.

II. Consideration will now be given to the motion of the appellee, Hans Erickson, directed against the receiver's petition.

Briefly, the appellee Hans Erickson's motion, as that of the appellee Anna Erickson, attacks the appellant receiver's petition because no judgment was obtained by the latter against the said Hans Erickson. Without such judgment against Hans Erickson, it is claimed by this appellee that the appellant receiver cannot maintain this action to set aside the aforesaid conveyance to the appellee Anna Erickson. The petition, then, has misjoined two separate and distinct causes of action. See cases cited under Division III. Everything that was said in Division I above concerning the appellant receiver's failure to first obtain judgment against Hans Erickson, the principal debtor, likewise applies in this action against said debtor, and repetition of the discussion is not necessary here.

So, the district court properly sustained the appellee Hans Erickson's motion to dismiss the receiver's petition.

III. Appellees, as before said, filed a motion to strike the intervener's petition. As a basis for that motion it is said that there is a misjoinder of causes of action. According to the petition of intervention, a judgment is sought against Hans Erickson on the theory that he is a partner and therefore liable to the creditors for the firm debts. Also it is sought in the petition of intervention to overcome the aforesaid conveyance of land from the appellee Hans Erickson to the appellee Anna Erickson. Two actions, therefore, are involved. One to recover a money judgment and the other to overcome the conveyance of land aforesaid on the theory that the same was fraudulent. Therefore, the intervener has joined an action in equity with one at law. Section 10960 of the 1927 Code provides:

"Causes of action of whatever kind, where each may be prosecuted by the same kind of proceedings, if held by the same party, and against the same party, in the same rights, and if

action on all may be brought and tried in that county, may be joined in the same petition.''

The aforesaid actions joined in the petition of intervention cannot be prosecuted by the same kind of proceedings, for the one is at law and the other in equity. Neither are those causes of action held by the intervener against the same parties, because the law action is against the appellee Hans Erickson while the equitable action is against the appellee Anna Erickson. Stevens v. Chance, 47 Iowa 602; Faivre v. Gillman (84 Iowa 573), supra; Prader v. National Accident Association, 107 Iowa 431; Faville v. Lloyd, 140 Iowa 501; Smith v. Waterloo, Cedar Falls & Northern Railway Co., 191 Iowa 668; McPherson v. Commercial Building & Securities Co., 206 Iowa 562.

Likewise the receiver improperly joined an action at law and a suit in equity in his petition above discussed. It is proposed then that the intervener, through his petition of intervention, would join his cause at law with the cause in equity named in the receiver's petition. Clearly that would be a misjoinder. Again it is proposed by the petitioner of intervention to join the proceedings in equity, named in his petition, with the suit at law named in the receiver's petition. Plainly that also would be a misjoinder. In fact, the intervener is not such at all, but rather he is a mere interloper. As intervener, the petitioner does not join the plaintiff, nor does he join the defendant. Furthermore, the intervener does not ask for relief antagonistic to both the plaintiff and defendant. What the intervener in fact does ask is independent relief in what really amounts to an independent action. That does not constitute the intervener a party as such, but makes him a mere interloper. An intervener, by instituting an independent action through his petition of intervention, cannot insist upon a change in the form of the original proceedings between the plaintiff and the defendant. Van Gorden v. Ormsby Bros. & Co., 55 Iowa 657; Des Moines Insurance Co. v. Lent, 75 Iowa 522; Kauffman v. Phillips, 154 Iowa 542. Manifestly, then, the district court did not err in striking the intervener's petition.

IV. No consideration is given to that part of the appellee's motion attacking the receiver's petition on the theory that the latter did not have authority to sue the individual partners.

Under the circumstances, no consideration is given to that

subject for the reason that the receiver's petition is fatally defective in the manner and way previously pointed out.

Wherefore, because of all the matters above discussed, the judgment and decree of the district court should be, and hereby is, affirmed.—Affirmed.

FAVILLE, C. J., and EVANS, ALBERT, and GRIMM, JJ., concur.