IN RE ESTATE OF G. EARL HERMENCE.

BERNIECE HERMENCE, Appellee; TED BOWERS et al., Appellants (and two other cases).

Nos. 46520
46521
46522.

OCTOBER 17, 1944.

REHEARING DENIED FEBRUARY 9, 1945.

Cornelius P. Hanley, of Milwaukee, Wisconsin, and Lundy, Butler & Lundy, of Eldora, for appellants.

Boardman, Cartwright & Druker, of Marshalltown, for appellee.

GARFIELD, J.—Two vital questions are presented: First, does Rule 177, Iowa Rules of Civil Procedure, effective July 4, 1943, requiring a written demand for a jury trial, apply to a will contest? Second, do the provisions of said rules regarding pleading apply to a will contest? There is also involved a contention concerning the doctrine, the law of the case.

Testator died in April 1943. On May 1st his will was filed, together with an application by his widow for its admission to probate. On July 21, 1943, an out-of-state attorney filed objections to its probate on behalf of an heir, Ted Bowers. The objections charged unsoundness of mind, undue influence by the proponent, and improper execution of the will. Similar objections were filed by the attorney on behalf of another heir, Oscar Bowers, and also for certain other heirs, Effel Westover et al. All proceedings in all three of the contests are identical except as hereinafter stated. On November 30, 1943, the objectors filed written demands for a jury trial, which proponent resisted on the ground that they were not filed within the time required by the rules. (All references herein to "rules" are to Iowa Rules of Civil Procedure.) On December 4, 1943, these demands were overruled.

On December 10th, Ted Bowers filed a written dismissal of his original objections without prejudice and filed new objections. Oscar Bowers filed a written withdrawal of his objections and also filed new objections. Effel Westover et al. filed amended and substituted objections without any separate dismissal or withdrawal of their original objections. This is the only difference in the three contests.

The new objections, which are identical, are broader than the original objections. They charge not only unsoundness of

mind, undue influence by the proponent and her daughter, and improper execution of the will, but also in a separate Division (III) that the will was procured by a fraudulent conspiracy between the proponent and the subscribing witnesses and that the signature to the will was forged. It is alleged that the facts forming the basis for Division III were discovered after the original objections were filed. Endorsed upon the new objections was ·a written demand for jury trial. The proponent resisted this demand because it was not made in compliance with Rule 177. On December 13, 1943, this demand was overruled.

On December 24, 1943, the objectors filed motions for default based on proponent's failure to file within seven days any motion or reply to their new objections. (See Rule 85(a) and (c).) These motions for default were overruled on January 8, 1944.

This court, pursuant to Rule 332, granted the objectors' application to appeal to this court from the order of December 13, 1943, denying them a jury trial, and from the order of January 8th overruling their motions for default. The appeals are from these two orders. This opinion applies to the three contests.

 I. We think Rule 177, requiring a written demand for a jury trial, does not apply to will contests. Section 11864, Code, 1939, provides:

"When the probate of a will is contested, either party to the contest shall be entitled to a jury trial thereon."

Rule 1(d) states:

"After these Rules take effect courts and litigation shall no longer be governed by the statutes listed in column 1 of the Table appended to these Rules as Appendix I, and the practice and procedure shall no longer be in accordance therewith."

Code section 11864 is not to be found in column 1 of Appendix I, which lists statutes of ·no further force and effect. Code section 11429, however, which provides, "Issues of fact in an ordinary action must be tried by jury, unless the same is waived" is listed in Appendix I of the rules as superseded by Rule 177. If this rule had been intended to apply to a will

contest, section 11864, as well as 11429, should and we think would have been included in Appendix I. There is no apparent reason why the appendix to the rules should list section 11429 as superseded by Rule 177 and omit section 11864 except that Rule 177 was not intended to apply to will contests.

Rule 177(b) provides that written demand for jury trial of an issue must be endorsed on the party's pleading or filed "within ten days after the last pleading directed to that issue." Rule 68 lists allowable pleadings as "petition, answer, and such counterclaim, reply, amendment, cross-petition or petition of intervention, as these Rules allow." It seems reasonable to conclude that Rule 177 does not require a written demand for a jury trial in those actions which are not governed by the provisions of the rules as to pleading. As we hereinafter point out, there are no pleadings, in the technical sense, in a will contest.

It should not be assumed from our holding that Rule 177 does not apply to will contests that none of the rules applies even indirectly to such a contest. In re Estate of Duffy, 228 Iowa 426, 431, 432, 292 N. W. 165, 128 A. L. R. 943, points out that there are but three Code sections touching the matter of will contests. One of these is 11864, above referred to. Another is 11882, which provides that wills shall not be carried into effect until admitted to probate, "and such probate shall be conclusive as to the due execution thereof, until set aside by an original or appellate proceeding." The remaining statute is 11007, paragraph 3, which fixes two years as the time within which an action must be brought to set aside a will. None of these sections is superseded by the rules. In this sense, the rules do not apply directly to will contests.

However, the actual trial of a will contest is by ordinary proceedings, in the same manner as an action at law. Buttman v. Christie, 197 Iowa 661, 663, 198 N. W. 314, and cases cited. The rules, of course, apply to the trial of actions both by ordinary and equitable proceedings. And insofar as the rules apply to trials by ordinary proceedings they affect indirectly the trial of a will contest. That is, the rules make certain changes in the trial of actions at law (and also those in equity). Will contests are triable as actions at law according to the procedure now applicable to such trials. Such procedure is

governed by the rules, together with the statutes not affected thereby.

II. But the proponent argues that the order of December 4, 1943, denying the contestants' demand for a jury trial on their original objections, from which no appeal was taken, is the law of the case and precludes us from reviewing the subsequent order of December 13th denying a jury trial on the new objections. The doctrine which the proponent invokes has frequently been said to express merely the practice of courts to refuse to reconsider what has once been decided. McGovern v. Kraus, 200 Wis. 64, 227 N. W. 300, 67 A. L. R. 1381, 1391, and cases cited.

Without determining whether the doctrine of the law of the case is applicable here, we are not disposed to deny a jury trial to the contestants upon the theory that the order of December 4, 1943, settled the law of the case. The most that can be contended is that the order determined that the contestants were not entitled to a jury trial on the issues raised in their original objections. Division III of the new objections raises an issue not previously stated—that the will was the result of a fraudulent conspiracy between the proponent and the subscribing witnesses. The ruling of December 4th did not determine that the contestants were not entitled to a jury trial on this new issue. See, as bearing on this question, Waldo Theatre Corp. v. Dondis, D. C., Maine, 1 F. R. D. 685, 687; Lader v. Dahlberg, D. C., N. Y., 2 F. R. D. 49, 50. Under our holding in Division I hereof, this new issue in any event is triable to a jury without demand, pursuant to Rule 177. If a jury trial were to be had on this new issue and the remaining issues were to be tried without a jury, there would be much duplication of effort. Much of the same evidence would be heard in both trials.

If our conclusion in Division I is sound, the effect of denying the contestants a jury trial upon any of the issues stated in their new objections is a clear violation of Code section 11864. It would seem to be more important to give effect to that statute and recognize the right of jury trial here than to adhere rigidly to such a judicial practice as the law of the case which is not invariably applied.

III. We think the contestants' motions for default were properly overruled. These motions were based on the contention that the proponent was required by Rule 85(a) and (c) to file within seven days either motions attacking their new objections or replies thereto. Proponent filed no such motion or reply.

Before the rules took effect no reply was necessary in order to make an issue on objections to the probate of a will. In re Estate of Jones, 130 Iowa 177, 186, 106 N. W. 610. We find in the rules nothing that required the proponent to file a reply. Indeed, we think nothing in Division IV of the rules, entitled "Pleadings and Motions," is applicable to so-called pleadings in a will contest.

This contest is a special action or proceeding. Section 10939, Code, 1939; Sisters of Visitation v. Glass, 45 Iowa 154. See, also, In re Brewer, 224 Iowa 773, 276 N. W. 766. It is, of course, in probate and not at law or in equity. See Coulter v. Petersen, 218 Iowa 512, 255 N. W. 684. It is true, as we have held herein, the action is *tried* in the same manner as an ordinary action at law. We need not inquire whether Division IV of the rules may not have some application to some special proceedings. Indeed, Rule 107 clearly has some application to some special proceedings. But we think it clear that Division IV does not apply at least to this form of special proceeding. The list of "allowable pleadings" found in Rule 68 includes only such as are usual in ordinary actions at law or in equity. Rule 70 confirms this thought by providing:

"The petition shall state whether it is at law or in equity, the facts constituting the cause or causes of action asserted, the relief demanded, and, if for money, the amount thereof."

That our construction of the rules on this question is a reasonable one seems to be borne out by our numerous decisions to the effect that so-called pleadings in probate matters are usually quite informal and are not generally subject to the strict rules of pleading that govern in law and equity cases. Among such decisions are Soppe v. Soppe, 232 Iowa 1293, 1297, 8 N. W. 2d 243, 245, and cases cited; In re Estate of Willenbrock, 228 Iowa 234, 243, 290 N. W. 502; In re Estate of Onstot,

224 Iowa 520, 521, 522, 277 N. W. 563; Thompson v. Romack, 174 Iowa 155, 159, 156 N. W. 310. In this connection we have held that a proceeding to probate a will is initiated by merely filing the will; a petition asking that the will be probated is unnecessary (although it is probably the better practice to file such petition); and a contest of the will may be undertaken when the document is filed. In re Will of Young, 224 Iowa 419, 275 N. W. 558.

Pursuant to the foregoing, the order of December 13, 1943, denying contestants' right to a jury trial is reversed. The order of January 8, 1944, overruling their motions for default is affirmed.—Affirmed in part; reversed in part.

All JUSTICES concur.