GEORGE EDGINGTON, appellant, v. WILLARD O. NICHOLS, appellee, and NORMA NICHOLS, intervenor-appellee.

No. 47920.

(Reported in 49 N.W.2d 555)

OCTOBER 16, 1951.

1092

N. Levinson and Senneff & Bliss, all of Mason City, for appellant.

Leming & Hobson, of Hampton, for appellee and intervenor-appellee.

HAYS, J.—This is an appeal from an interlocutory order overruling plaintiff's motion to strike intervenor's petition of intervention, permission for such appeal having been granted by this court. The single question presented concerns the interpretation to be placed on rule 75, Rules of Civil Procedure.

Plaintiff, as owner of an automobile, being driven on the public highway by his wife, brings suit against the defendant for damage to his car on account of defendant's negligent operation of his car, resulting in a collision of the two cars. Defendant filed what in effect amounted to a general denial. Intervenor, defendant's wife, who was riding with defendant in his car at the time of the collision, filed a petition of intervention asking damages from the plaintiff for personal injuries she sustained, due to the negligence of the driver of plaintiff's car. Plaintiff filed a motion to strike the petition of intervention, which was overruled, and plaintiff has appealed.

Rule 75, R. C. P., is as follows: "Interventions. Any person interested in the subject matter of the litigation, or the success of either party to the action, or against both parties, may intervene at any time before trial begins, by joining with plaintiff or defendant or claiming adversely to both."

This rule, while it supersedes section 11174, Code of 1939, makes no change therein. On page 2389, Volume II, Code of 1950, as a footnote to Appendix I of the Rules, appears the following statement:

"That a statute is shown in this table as superseded does not indicate that the procedure has been changed by these rules. The greater portion of the statutes listed as of no further force and effect have been incorporated in the rules, either verbatim or in substance or with slight modifications necessary to make them conform to the system of practice contemplated under the rules."

Cook's Revised Edition of the Rules of Civil Procedure, Vol-

ume I, page 505, under author's comment as to rule 75, states: "This rule probably makes no change in the law as to when an intervention is permitted. See In re Estate of Smith, 240 Iowa 499, 36 N.W.2d 815, 8 A. L. R.2d 640. The prior decisions, therefore, still apply." See also In re Estate of Hermence, 235 Iowa 745, 15 N.W.2d 905.

 Intervention is a proceeding by which a third person is permitted to become a party to an action between other parties. It was, generally speaking, unknown to the common law and is strictly statutory. 67 C. J. S., Parties, section 53(c), page 976, states: "Statutes providing for intervention are remedial and under the general rule the view is usually taken that such a statute should be liberally construed in order to effect its purpose, but the applicant must bring himself within the provisions of the statute." To similar effect is our statement in Massachusetts Bonding & Ins. Co. v. Novotny, 200 Iowa 227, 230, 202 N.W. 588.

Counsel have not cited, nor have we found, a case involving intervention in a damage action similar to the case at bar. However, this court has passed upon somewhat analogous propositions. In Des Moines Ins. Co. v. Lent, 75 Iowa 522, 39 N.W. 826, one creditor brought an action to set aside a conveyance as fraudulent to him. Another creditor comes in as an intervenor and alleges the conveyance is fraudulent as to him and asks similar relief for himself. We held that he was not an intervenor within the meaning of the statute because he was not interested in the matter in litigation, nor in the success of either of the parties to the action, nor against both. He was a mere interloper. Steltzer v. Compton, 164 Iowa 465, 145 N.W. 896, is a case where the makers of usurious notes attempted to intervene and assert usury, in an action for specific performance of a contract providing that defendant should accept such notes as part of the consideration, which action was defended on the ground the notes were usurious. At page 470, we said: "In the case at bar, the success of the plaintiff would not have defeated any right that the intervenors had, or attempted to assert, in this suit. The success or failure of the defendant in that suit would not affect any right they had or attempted to assert. The relief they sought was independent of any controversy between these parties, and independent of any relief

which could possibly be granted to either of the parties in the suit as originally brought." Cooper v. Erickson, 213 Iowa 448, 239 N.W. 87, cited by appellant, was determined upon the theory of a misjoinder of causes of actions. Plaintiff, as receiver of a bank, brought action against Hans Erickson, as a partner, and thus personally liable for the bank's debts. Anna Erickson was said by plaintiff to have received real estate from Hans without consideration and in fraud of creditors, and it was sought to set aside the conveyance. One Miller, as assignee of certain creditors of the bank, intervened and asked judgment against Hans on his claims, and that the land held by Anna be subjected to his claims. The petition of intervention, as well as plaintiff's petition, was dismissed on defendant's motion. However, at page 453, this court said, probably as dictum, citing Des Moines Ins. Co. v. Lent, supra: "In fact, the intervenor is not such at all, but rather he is a mere interloper. As intervenor, the petitioner does not join the plaintiff, nor does he join the defendant. Furthermore, the intervenor does not ask for relief antagonistic to both the plaintiff and the defendant. What the intervenor in fact does ask is independent relief in what really amounts to an independent action."

Appellees, in their brief and argument, do not cite a single authority. They base their claim that the trial court was correct, upon the proposition that "one of the principal purposes for which the rules were enacted was to avoid multiplicity of lawsuits and that rule 75 should be construed in the light of and in conjunction with the other rules to serve the purpose for which they were all intended." In support thereof they cite rules 75, 22, 23, 26, 29, 33, 35, 36, 185, and 186, R. C. P.

Rule 75 is the one under consideration. Rules 22, 23 and 26 deal with joinder. Rule 22 allows plaintiff to join all causes of action that he may have against a single defendant. Rule 23 allows any number of persons to join as plaintiffs in a single action where there is any question of law or fact, common to all. Rule 26 merely provides for joinder of multiple plaintiffs or defendants provided they are commonly interested in part of the relief demanded. Rule 29 deals with compulsory counterclaims. Rule 33 provides for a cross-petition against a coparty. Rules 35 and 36

deal with interpleaders. Rule 185 allows consolidation of separate actions which involve common questions of law or fact, where no party objects as being prejudiced thereby. Rule 186 merely allows the court, for convenience or to prevent prejudice, to order separate trial of any claim, counterclaim, or of any separate issue of fact, or any number of any of them. It is clearly apparent that none of the cited rules is at all applicable to the situation existing in the case at bar.

▬ Appellees state that without question intervenor could have assigned her claim to the defendant, who could then have brought suit for her injuries by way of counterclaim. Rule 30 provides that unless prohibited by rule or statute, a party may counterclaim against an opposing party on any cause of action *held by him when the action was originally commenced*, and matured when pleaded. Under rule 29, had such an assignment been executed as required by rule 30, such a pleading thereof would probably be compulsory. However, the fallacy of appellees' argument is that no assignment has been made and defendant-appellee is not attempting to counterclaim.

As we said in In re Estate of Hermence, 235 Iowa 745, 15 N.W.2d 905, as the law now appears to be, statutes which were not repealed by inclusion among those listed in Appendix I are to be given full force and effect. While rule 75 superseded section 11174, Code of 1939, it is merely a substitute therefor which has not changed the substance. Section 11174 has not been superseded or repealed by inclusion under any other of our rules. We are satisfied that the right to intervene is still to be determined as it was prior to the enactment of our Rules of Civil Procedure, and that our prior pronouncements upon the question are still applicable.

▬ In the instant case, while the subject matter of the intervention arose out of the transaction which is the basis of appellant's action, it is a separate matter, governed by different rules of proof and procedure. It is of no legal import to intervenor, in the trial of her cause of action, which party to the original suit may be successful. As stated in the Steltzer case, supra, "The relief intervenor seeks is independent of any controversy between appellant and defendant-appellee and independent of any relief which could possibly be granted to either of said parties."

We are satisfied that intervenor-appellee has not brought herself within the provisions of rule 75, and that the trial court erred in overruling appellant's motion to strike; therefore, said order must be and is reversed.—Reversed.

OLIVER, C.J., and GARFIELD, WENNERSTRUM, SMITH, MANTZ, MULRONEY, and THOMPSON, JJ., concur.

BLISS, J., takes no part.