E. A. TERRILL, appellant, v. HAROLD KILLION, appellee, and
GLEN SAYLOR, intervenor.

No. 48471.

(Reported in 70 N.W.2d 835)

JUNE 7, 1955.

Richard C. Turner, of Avoca, and Don Carlos & Don Car-
los, of Greenfield, for appellant.

Williamson & Williamson, of Greenfield, and E. P. McEniry, of Creston, for appellee and intervenor.

WENNERSTRUM, C. J.—This court has given permission to the plaintiff to appeal from an interlocutory order overruling a motion to strike a petition of intervention. Rule 332, R. C. P. The plaintiff, in his petition, alleged the defendant is an auctioneer with sales barn facilities in Adair County, Iowa, where he conducts public sales of livestock; that plaintiff on or about February 23, 1951, delivered to the defendant some thirty-three head of young feeder pigs and entered into an agreement with the defendant to sell them for plaintiff at public auction; that defendant did sell and deliver to various purchasers the plaintiff's pigs and received from the sale of them approximately $1000; that on or about May 1, 1951, plaintiff demanded of the defendant the proceeds received from the sale of the pigs, less the commission due the defendant, but said defendant has refused to account to or pay plaintiff. He prayed for judgment for the amount claimed due him.

At a later date the intervenor filed his petition of intervention, "* * * against both the plaintiff and the defendant * * *", wherein it was alleged the plaintiff was a nonresident of the state of Iowa; that at the time of the sale the intervenor was present and when defendant offered plaintiff's hogs for sale, as his agent, it was orally represented the hogs were vaccinated against hog cholera and enteritis and were immunized against said diseases; that intervenor relied on said representations and bought a number of the sows belonging to the plaintiff and for which he paid defendant, as agent of plaintiff, $581.21 and thereafter took the hogs to his farm where he already had other hogs; that shortly after the hogs were brought to his farm they became sick, which necessitated the employment of a veterinarian and the isolation of said hogs from his previously owned animals in order to prevent contagion and infection; that despite the action taken by the intervenor and the veterinarian, twenty-two of the hogs he purchased at the sales barn and twelve hogs which he had previously owned died and fifteen hogs were stunted in their growth and damaged by said enteritis; that as a result of the representation made by the plain-

tiff and the intervenor's reliance thereon he sustained damages as follows: worthless hogs purchased, $581.21; death of other hogs infected, $450; damage to other hogs infected $350; cleaning and sterilizing pens and hog houses, $250; for a total damage of $1631.21. It was further alleged the plaintiff authorized the sale of the hogs, that they were warranted to be free of disease; and the intervenor further alleged that it is the fact the defendant believed said hogs were immunized against said disease and without the knowledge of defendant as to the true facts sold said hogs on the basis of plaintiff's warranty.

Although the initial statement in the petition of intervention is to the effect that the action was against both the plaintiff and the defendant, yet the intervenor in his prayer " * * * demands judgment against the plaintiff in the sum of $1631.21, and for costs of suit." Subsequently the plaintiff filed an amended and substituted motion to strike the petition of intervention therein stating: "* * * that said intervenor is not interested in the subject matter of the litigation between plaintiff and defendant, nor is he interested in the success of either party to said action, nor is he interested in said litigation adversely to either the plaintiff or the defendant or both of said parties but is a mere interloper. Plaintiff further moves the court to strike said Petition of Intervention for the reason that it does not state a cause of action against either plaintiff or defendant. That such Petition of Intervention will unduly delay the action of plaintiff against defendant and will be prejudicial to the rights of plaintiff."

The trial court overruled the motion to strike. The plaintiff then appealed, first having obtained permission from this court.

I. The authority for and the necessary conditions which must exist to permit a petition of intervention are found in rule 75, R. C. P., which is as follows: "Any person interested in the subject matter of the litigation, or the success of either party to the action, or against both parties, may intervene at any time before trial begins, *by joining with plaintiff or defendant or claiming adversely to both.*" (Italics supplied.)

This rule, as noted in 1 Cook's Iowa Rules of Civil Pro-

cedure, Revised Edition, is a condensation of section 11174, 1939 Code. Statutes of a similar nature and with somewhat similar wording are found in section 2930, Revision of 1860; section 2683, Code of 1873; section 3594, Code of 1897, and section 11174, Codes of 1924, 1927, 1931 and 1935. Inasmuch as these prior statutes are virtually of the same wording as our present rule the prior decisions of this court are applicable. 1 Cook's Iowa Rules of Civil Procedure, Revised Edition, page 505.

II. From our consideration of the pleadings filed in this case, and particularly the petition of intervention, it is apparent to us the intervenor is not interested in the subject matter of the litigation except as a potential creditor of either the plaintiff or the defendant. The intervenor is not interested in the success of either party to the action because his claim is not dependent on which of these parties may succeed. It is likewise true he makes no claim adverse to both parties inasmuch as in the prayer of the petition of intervention he only seeks judgment against the plaintiff. It should also be kept in mind he does not, as permitted by rule, join either the plaintiff or the defendant in their respective claims. The action of the intervenor is an individual one against the plaintiff wherein he makes a claim against him and indirectly the funds held by the defendant. He does not, as authorized by the rule, make any claim adverse to both parties.

It is the conclusion and holding of this court the intervenor has not brought himself within the provisions of this rule, that he is a mere interloper and by his petition of intervention seeks to make a claim to the funds in controversy without bringing an action as a creditor or claimant against either the plaintiff or the defendant. It is apparent the intervenor is endeavoring to control the disposition of the fund held by the defendant without bringing an attachment action and the filing of a statutory bond.

A prior decision of this court, Massachusetts Bonding & Ins. Co. v. Novotny, 200 Iowa 227, 230, 202 N.W. 588, 590, supports our conclusion the intervenor in the present case is a mere interloper. In the cited case it is stated: "In Iowa, intervention is governed by statute; and, if a person attempts to take ad-

vantage of this remedy without bringing himself within the provisions of the statute, he is considered a mere 'interloper', who acquires no rights by his unauthorized interference, unless there was a waiver of objections. Henry, Lee & Co. v. Cass County Mill & Elev. Co., 42 Iowa 33; First Nat. Bank of Leon v. Gill & Co., 50 Iowa 425; Des Moines Ins. Co. v. Lent, 75 Iowa 522."

III. The necessary interest of a mere creditor to permit a petition of intervention is commented upon in 39 Am. Jur., Parties, section 66, page 938, as follows: "The case of a creditor who has no lien for the security of his debts and has not reduced it to judgment forms the most frequent illustration of a third person who may gain or lose by a judgment against others and yet whose gain or loss is of so indirect a character that it cannot entitle him to intervention. It is well settled that a mere creditor of one of the parties has no right to intervene, although he may have an indirect interest in the result of the action."

In 67 C. J. S., Parties, section 59e, page 991, comment is made relative to the right of a creditor to intervene where it is stated: "Generally a mere creditor of one of the parties has no right to intervene, although he may have an indirect interest in the result of the action, especially where no fraud or collusion between the parties is charged."

We stated in Steltzer v. Compton, 164 Iowa 465, 469, 145 N.W. 896, 898:

"A petition of intervention, under this statute, to be permissible, the intervener in the petition must join the plaintiff in claiming what is sought by him in his petition, or must show a right to unite, an interest in uniting, and must unite with the defendant in resisting plaintiff's claim.

"In the case at bar, interveners did not unite with the plaintiff in asking any relief against the defendant, nor did they join with the defendant; nor did they have an interest in joining with the defendant in resisting plaintiff's claim for a specific performance, nor did they demand anything adversely to both the plaintiff and the defendant. They presented, and sought to enforce, an independent right on the part of these

interveners, against the plaintiff—a right to protect which it was not necessary for them to join in this suit or secure the relief for which they prayed."

In Cooper v. Erickson, 213 Iowa 448, 453, 239 N.W. 87, 89, we said: "As intervener, the petitioner does not join the plaintiff, nor does he join the defendant. Furthermore, the intervener does not ask for relief antagonistic to both the plaintiff and defendant. What the intervener in fact does ask is independent relief in what really amounts to an independent action. That does not constitute the intervener a party as such, but makes him a mere interloper. An intervener, by instituting an independent action through his petition of intervention, cannot insist upon a change in the form of the original proceedings between the plaintiff and the defendant. Van Gorden v. Ormsby Bros. & Co., 55 Iowa 657; Des Moines Insurance Co. v. Lent, 75 Iowa 522; Kauffman v. Phillips, 154 Iowa 542. Manifestly, then, the district court did not err in striking the intervener's petition."

In Edgington v. Nichols, 242 Iowa 1091, 1095, 49 N.W.2d 555, 558, we said: "* * * while the subject matter of the intervention arose out of the transaction which is the basis of appellant's action, it is a separate matter, governed by different rules of proof and procedure. It is of no legal import to intervenor, in the trial of her cause of action, which party to the original suit may be successful."

The statement made by this court in Des Moines Ins. Co. v. Lent, 75 Iowa 522, 525, 39 N.W. 826, 828, is applicable to the present case, where it is stated: "A person who has an interest in the matter in litigation, in the success of either of the parties to the action, or against both, may become a party to the action. If he intervenes, he must join the plaintiff in claiming what is sought by the petition, or must unite with the defendant in resisting the claim of plaintiff, or must demand something adversely to both plaintiff and defendant. Code, sec. 2683. One who attempts to intervene in an action pending between other parties, without bringing himself within the provisions of the statute, is a mere interloper, who acquires

no rights by his unauthorized interference, unless objection thereto is waived." A case having some of the features of the present one is Kauffman v. Phillips, 154 Iowa 542, 548, 549, 134 N.W. 575.

IV. For the reasons heretofore set forth we reverse the trial court. The cause is remanded for the entry of a ruling on the motion to strike the petition of intervention in keeping with our conclusions herein stated.—Reversed and remanded.

GARFIELD, OLIVER, SMITH, MULRONEY, HAYS, THOMPSON, and LARSON, JJ., concur.

BLISS, J., dissents.