RAYMOND C. WHARFF, appellant, v. HETTIE G. WHARFF, appellee, and ERNEST W. BLAKE et al., intervenor-appellees.

## No. 48153.

(Reported in 56 N.W.2d 1)

DECEMBER 16, 1952.

REHEARING DENIED FEBRUARY 13, 1953.

Gordon K. Darling, of Winterset, and Herrick & Langdon, of Des Moines, for appellant.

Jno. N. Hartley, of Winterset, and Jas. W. Hall, of Des Moines, for appellee.

Daniel J. Gallery, of Winterset, for intervenor-appellees.

THOMPSON, J.—The sole question presented by this appeal concerns the right of third parties to intervene in a divorce action. On January 15, 1952, plaintiff filed his petition praying

for a divorce from defendant. He described certain real estate in Madison County which he said was owned by himself and defendant; was improved by a motel property with a residence and a number of cabins, also by an oil station and a sales barn; and prayed that all of said realty, except for the motel, be decreed to be his property.

The defendant answered, alleging as to the real estate that, while title was held in the names of plaintiff and defendant, it was purchased entirely with funds of the defendant and with money which she held in trust for her children by a previous marriage. She also cross-petitioned praying for a divorce from plaintiff, making substantially the same allegations as to the real estate and asking it be awarded to her in her individual capacity and as trustee for her children.

On March 6, 1952, Ernest W. Blake, Esther B. Nelson, John W. Blake, and Albert Jean Blake (the latter, a minor, appearing by Esther B. Nelson as next friend) filed their petition of intervention. It is therein alleged that prior to the marriage of plaintiff and defendant one Miller Blake, the grandfather of the intervenors, paid over to Hettie G. Blake (now Hettie G. Wharff, the defendant and the mother of intervenors) the sum of $21,500 to be held by her in trust for them; certain real estate was purchased by defendant with the trust funds, which was sold by plaintiff and defendant and the proceeds invested in other realty and personal property; plaintiff had knowledge of the trust agreement; and all of said property, including the real estate described in plaintiff's petition, should be impressed with a trust for the benefit of intervenors to the amount of $21,500, and it is so prayed. A copy of a trust declaration, dated April 19, 1943, by which Hettie G. Blake acknowledged her trust obligation to her children, the intervenors, in the sum of $21,500, to be paid from the proceeds of certain real estate therein described to each child proportionately upon coming of age or as soon thereafter as requested, is attached to the petition of intervention. Plaintiff moved to strike the intervenors' petition upon the grounds that no cause of action other than alimony may be joined with a divorce suit; intervenors' cause of action is to impress a trust which cannot properly be joined with a divorce action; the only proper parties to a divorce suit

are the husband and wife and third parties cannot legally intervene; a suit to impress a trust is a separate and independent suit and cannot be joined with a divorce suit; the purported intervenors are mere interlopers, are third parties and wholly improper parties to intervene in or participate in a divorce suit between husband and wife; there is a misjoinder of causes of action and of parties. The trial court denied the motion to strike, and we granted plaintiff an appeal from the interlocutory order.

I.  Section 598.2 of the Code of 1950, relied upon by plaintiff,.says: "An action for a divorce shall be by equitable proceedings, and no cause of action, save for alimony, shall be joined therewith."

Rule .75, Iowa Rules of Civil Procedure, provides: "Any person interested in the subject matter of the litigation, or the success of either party to the action, or against both parties, may intervene at any time before trial begins, by joining with plaintiff or defendant or claiming adversely to both."

It is plaintiff's contention that to permit third parties to intervene in a divorce action, even though they make no allegations as to the divorce itself but assert rights to property which is the subject of contention between the plaintiff and defendant, would be to sanction an improper joinder within the meaning of section 598.2, supra. We have held against this claim in the recent case of Linscott v. Linscott, 243 Iowa 335, 337, 51 N.W.2d 428, 430. Justice Mulroney, for the court, there analyzed this statute and determined that a joinder of actions is accomplished only when two or more causes are stated, or united, in the same declaration, complaint or petition. Direct authority to this effect is cited.

Obviously, unless we are to overrule the Linscott case, which we consider sound, we must hold against plaintiff's contention at this point. The statute forbids joinders, but the cause of action set up by intervenors is not pleaded in the same declaration with plaintiff's petition or defendant's cross-petition. It is a separate cause set up in a separate declaration and so is not prohibited by section 598.2. Also, since there is no joinder there can be no improper joinder, or misjoinder.

II.  Plaintiff further urges we have held that intervention in divorce cases is improper because of the statute referred

to above or for other reasons. He cites Ross v. Ross, 205 Iowa 424, 216 N.W. 22. This was an action brought by the wife for divorce and to quiet title to certain realty. The father of the defendant-husband intervened, asking title be quieted in him. He had apparently purchased the property for his son and daughter-in-law and had retained title in his own name. This court remarked at the outset: "Just how these two actions can be joined, we do not quite understand; but, as no objection is made thereto, we proceed to treat the two cases submitted."

The plaintiff thinks this is a holding that an intervention by third parties, as here, is an improper joinder. It is necessary to say only that even if the language means what plaintiff thinks it does, it was nothing more than dictum. No one objected to the procedure, and it was not necessary for the court to determine the question. But it is also apparent that there was an improper misjoinder involved in the Ross case, since the plaintiff in the same petition attempted to join divorce and quieting title actions. She came squarely within the rule now followed in the Linscott case, supra; and it may well be that this was what Justice Albert, speaking for this court, referred to in the language quoted above. The case does not aid plaintiff.

Henriksen v. Henriksen, 205 Iowa 684, 686, 216 N.W. 636, holds only that actions for divorce and for an accounting may not be joined in the same petition. In Cooper v. Erickson, 213 Iowa 448, 452, 453, 239 N.W. 87, there was a holding that the intervenor was attempting to join causes cognizable in equity with suits at law, and that in any event the intervenor was in fact attempting to bring an independent action, and so was a mere interloper. The first reason given would no longer be valid, and of course it is a fact question as to whether the intervenor's proposed action lacked such relation to the controversy between the original parties as to make him an interloper. Other cases cited by plaintiff we find to be not in point and require no discussion.

It will be noted that plaintiff and defendant here have offered for the decision of the court the question of the ownership of certain realty, as an incident to their divorce suit. Intervenors say that this, as well as personal property of the parties,

was purchased with trust funds held by the defendant, in which they had the equitable interest and ownership. They ask that their rights be protected by impressing a trust upon the real estate and personalty of the parties. We see no reason if intervention in a divorce action is not prohibited by statute why it should not be governed by the ordinary rules of procedure. And we think that aside from the alleged bar of section 598.2, which we have pointed out does not apply, the present case is a proper one for intervention ·by parties claiming an interest in the real and personal property whose ownership is disputed by the plaintiff and defendant. McCullough v. Connelly, 137 Iowa 682, 687, 114 N.W. 301, 303, 15 L. R. A., N. S., 823, was an action for specific performance. One Finneran, who claimed to hold title to the real estate, was permitted to intervene. This court said: "Intervention in such cases is permitted on the theory that the rights of all parties claiming an interest in the property should be settled in one action."

One who claims an interest in property involved in litigation and who is not otherwise made a party may generally intervene, even though he might protect his rights by a separate action. 67 C. J. S., Parties, section 54, page 979.

In 27 C. J. S., Divorce, page 674, section 91, we find this rule: "Where property rights are involved in divorce proceedings, it is generally held, however, that a third person, whose interests may be adversely affected, may intervene * * *."

The case of Elms v. Elms, 4 Cal.2d 681, 52 P.2d 223, 102 A. L. R. 811, is squarely in point upon almost identical facts. In the cited case the opposing parties in a divorce action disputed as to whether certain real estate was community property. Two children of the parties attempted to intervene, setting up their claim that they had contributed certain sums to the purchase of the realty, under an agreement that it should be held in trust for them to the extent of their contributions. The trial court sustained a demurrer to the petition of intervention. Upon appeal the California Supreme Court reversed, holding that intervention by third parties claiming an interest in property involved in the original action was proper. Plaintiff distinguishes this decision only by saying that cases from other jurisdictions

which have no statute prohibiting joinder in divorce actions are not in point. We have seen that there is no joinder in the case at bar.

In the absence of statutory prohibition there are many reasons why intervention by parties claiming an interest in property, as here, should be permitted. It is true that persons not parties to the litigation would not be bound by its result and might bring a separate action. But we think the rule that a multiplicity of suits will be avoided wherever possible has a direct application. It might also happen that if the plaintiff and defendant here should try out their action first, and intervenors be relegated to a separate suit, different and contradictory results would be reached. A division of the property of the original parties without the benefit of such evidence as the intervenors might produce could very well be inequitable, resulting, at the best, in an action to modify the divorce decree by the litigant whose rights were adversely affected by a later trial of the separate action to enforce a trust. Upon determination of a divorce suit, if a divorce be granted, it is the duty of the trial court to make such order as may be right concerning alimony, support and division of the property of the parties. There seems every reason in policy why, if there are third parties claiming an interest in either the real or personal property, the entire matter should be decided at once. Such a course will do away with a multiplicity of suits and will enable the court to make orders concerning property rights and allowances with a full knowledge of the exact extent of the interests of the litigants. In the case at bar, if the court is not to be permitted to know the real interest of the plaintiff and defendant in the realty and personalty now owned by them, if this must be left to determination in a future and separate suit brought by the proposed intervenors, it will be greatly hampered in making a fair order. Principles of expediency and of a fair administration of justice approve the determination of all rights in one action.

III. It is suggested that the court may find neither party is entitled to a divorce, and that in such case no division of the property can be made. The question as to what becomes of intervenors' case if a divorce is denied is perhaps not squarely before us. Yet, by way of avoidance of future litigation, we

think it proper to suggest that, whether or not the property rights of the plaintiff and defendant may be determined if a divorce is denied to both, there seems no reason why the issue as to the rights of intervenors to have a trust impressed cannot be decided. If, as we have held, they are proper parties, they should have a right to a ruling upon the issue posed by them, regardless of the outcome of the principal litigation. The court has jurisdiction of all of the parties and of the subject matter of intervenors' claim. A trust can be impressed, or denied, regardless of whether the interests of the plaintiff and defendant are determined.—Affirmed.

All JUSTICES concur.