BELLE MORSE, appellant, v. WAYLAND A. MORSE, defendant; LETHA THOMPSON et al., intervenors-appellees.

No. 48931.

(Reported in 77 N.W.2d 622)

June 19, 1956.

Rehearing Denied September 24, 1956.

Geo. J. Dugan, of Perry, and R. K. Craft, of Adel, for appellant.

James B. Smith, of Perry, for appellees.

Wennerstrum, J.—This appeal has developed by reason of proceedings in intervention brought by claimed interested par-

ties subsequent to the entry of a decree of divorce entered in an action brought by Belle Morse against her husband, Wayland A. Morse, since deceased. Approximately one month after the decree was entered the defendant, Wayland A. Morse, died. Thereafter the intervenors filed petitions of intervention in the divorce action claiming property awarded to Belle Morse in that proceeding was not subject to such a holding in that Wayland A. Morse was not the legal owner of the land covered in the decree. The trial court held when the divorce case was concluded there was no action pending in which the intervenors could intervene. It held, therefore, it had no jurisdiction to determine the rights of the intervenors and the plaintiff. It dismissed the petitions of intervention and also the cross-petitions of the plaintiff without prejudice. The plaintiff, the cross-petitioner, has appealed.

Belle Morse and Wayland A. Morse were married on March 30, 1944. On December 17, 1953, Belle Morse filed a petition for divorce, aided by attachment of two 80-acre tracts of land. An original notice, with copy of petition attached, was served personally on the defendant at Gibbs, Adair County, Missouri. On January 8, 1954, the defendant filed a special appearance which attacked the jurisdiction of the court. It was overruled. No general appearance was thereafter entered. In the petition for divorce and amendments thereto it was pleaded a deed had been given by Wayland A. Morse to Letha Thompson, a daughter, for an 80-acre tract and another deed to 80 acres of land had been given to five children of a deceased daughter. These farms are situated in Dallas County, Iowa. It was further pleaded these deeds, dated May 27, 1952, and recorded on July 7, 1952, were illegal and void because of fraud, active and constructive, and further by reason of a breach of a confidential fiduciary relationship between Letha Thompson and Wayland A. Morse. It was further alleged at the time of the making of the deeds Letha Thompson had a power of attorney from her father.

There were two petitions of intervention filed. One was by Letha Thompson and the other was filed by the five grandchildren. The two petitions of intervention allege the same facts and in substance each states the action of intervention is by virtue of section 639.60, 1950 Code. It is therein claimed the

property in controversy is held by virtue of a deed executed, delivered and recorded; that the intervenor or intervenors held the legal title to the respective properties prior to the commencement of the divorce action and the attachment and levy therein made; and the title of the respective intervenors is paramount to. and superior to any title, lien or claim of the plaintiff, Belle Morse. Each of the intervenors ask their claims be investigated, upon hearing the levy under the attachment in the divorce action be released and the court grant such relief as may seem just in the premises.

The plaintiff filed answers and cross-petitions to the two petitions of intervention wherein, in substance, it was stated: The deeds to the intervenors were void, illegal, were obtained without legal consideration and were fraudulent; intervenors had not brought themselves within the purview of section 639.60 of the 1950 Code and are not entitled to maintain their actions. The plaintiff further pleaded the facts pertaining to the divorce and the decree. She alleged the decree and judgment merged all the rights under the attachment in the decree, the petitions of intervention are not applicable to the present facts, the intervenors have no right to maintain their actions, the plaintiff should have her title quieted in her as against the intervenors, and by reason of the facts pleaded the actions brought by the intervenors should be dismissed.

The intervenors moved to strike that part of plaintiff's answer and cross-petition seeking to quiet the title in her and to set aside the deeds and alleged the allegations pertaining to such actions constitute a misjoinder. These motions were overruled.

In order to show how the trial was conducted and the attitude of the counsel for the respective parties we shall set forth a portion of the colloquy between the court and counsel at the beginning of the trial.

"THE COURT: I suppose another matter might be settled as to whether or not we are in law or in equity, or in law partially and in equity partially. The Court is of the opinion that the whole proceeding now the way the pleadings are that we are in equity.

"Mr. Smith: That is my understanding. * * * I think there are some law questions, but the way I understand the decisions that if equity starts and there are some law questions, equity can continue to so deal with the matter.

"Mr. Craft: If the Court please, my position here is that the petition in intervention is strictly a law action. Then there is a cross-petition which is nothing more than a quiet title action. You might say we have two separate divisions in this matter. It seems to us that the petition of intervention is strictly a law action from beginning to end, and I don't believe there will be any argument about the cross-petition being an equitable action. For that reason I think the petition of intervention should be tried as a matter of law, and then when we get to the cross-petition, why, that is an equity proposition.

"The Court: It makes a difference to the Court as to how ruling is made on objections.

"Mr. Craft: Yes, we would like to know when we start. If we had nothing more than the petition of intervention here, I can see no question but what it would be a law action. Simply because there is a cross-petition wouldn't change that phase of it because that is a separate and distinct matter asking for affirmative relief, and being a quiet title case, why, it necessarily would follow that it would be triable in equity. * * *

"Mr. Smith: I think the only thought I have in the matter, while this is a petition of intervention, I would say it is a petition of intervention intervening in a divorce action. I don't believe there is question but what the divorce action is equity. It is a matter which comes out of the divorce action and is still in this divorce action as far as I am concerned.

"Mr. Dugan: Yes, but in the divorce action you are predicating your right, if any, upon the proposition of the deeds, which directly have nothing to do with the divorce action itself.

"Mr. Craft: As a matter of fact, the divorce action has gone to a decree so it has nothing to do with the divorce, except as to the property that was awarded in the divorce case. * * *

"Mr. Craft: If the Court please, in this matter, here we have two petitions of intervention, which are very similar, and two cross-petitions, and I wonder if we might agree that we try and let that apply as to the other one.

"Mr. Smith: It depends on which one you try, I think. I will certainly agree that we will try the petition of intervention of the five grandchildren and let that apply to both of them. * * *

"The Court: The Court will order all petitions of intervention and all cross-petitions and all pleadings pertaining thereto consolidated for the purpose of trial, and the testimony to be received shall be applied to all of them, if it so applies; if it does not apply, why, of course, it wouldn't be applied to that particular pleading. Won't that take care of it?

"Mr. Craft: I think it will.

"Mr. Dugan: Yes, I think so."

After the opening statements were made the court made a further statement which is, in part, as follows: "* * * the substance of this proceeding is the assertion on the part of the intervenors that they are the legal owners of the certain real estate and that their title is paramount and superior to the title of Belle Morse, so in the petition of intervention the title to real estate is involved, which normally is an equitable matter.

"The cross-petitions ask that these particular deeds upon which the intervenors base their right be set aside on the ground of fraud and so forth, which again is an equitable matter. So regardless of the technicalities, the substance of the whole proceeding, both under the petitions of intervention and under the cross-petitions, is equitable, * * * so the Court is of the opinion that justice would be better met if the Court ruled that this whole proceeding, both the petitions of intervention and the cross-petitions, were in equity and that we will try the whole proceeding between these parties in equity."

The trial then proceeded with the introduction of testimony by the intervenors.

Later in the trial the following record was made:

"Mr. Dugan: Can we agree here that this testimony that is given will be both defensive as to your matter and also on the cross-petition, there won't be any need to call them at one time and then put them back on again. It would be the same thing over again. It may apply as to the answer and as to the cross-petition. Can we agree to that? * * * What I am getting at is

that on the defense and we also raise that in the cross-petition, so that the evidence that is given would be applicable both to the defense and as to the cross-petition. There wouldn't be any use calling them back and reiterating the same thing on each one, is what I am getting at.

"Mr. Smith: Yes.

"Mr. Dugan: May that be so stipulated?

"Mr. Smith: In other words, as far as each deed is concerned? We have two lawsuits going together, and you want it to apply to both of them? * * *

"Mr. Dugan: * * * Whatever may be testified to by the witnesses here will apply to the cross-petition in either case, instead of calling the witnesses twice and putting them back on for the same thing.

"Mr. Smith: It is agreeable. * * *

"The Court: The Court is of the opinion all evidence applies to all pleadings, offers, and everything else in an equity case particularly.

"Mr. Dugan: If that is understood and the Court takes that view, it would just be rehashing what is already shown in the record.

"Mr. Smith: It is my understanding that if the evidence is in, it is in. * * *

"Mr. Dugan: It is subject to the record that was made on the examination and cross-examination.

"The Court: The Court is of the opinion that it does and will so consider it, but if there is any question about it, I don't want to deny you the right to make the record.

"Mr. Dugan: If there is no objection on the part of Mr. Smith that it may be so considered, that is good enough for us.

"Mr. Smith: I have no objection to that.

"The Court: All right. I believe that makes a good record."

The trial court in its ruling set forth the basis of its conclusions of law which are here set out in part:

"In this divorce case the awarding of the property to the plaintiff as alimony was taken care of in the decree of divorce,

and there was nothing further to be done in this particular case. There was to be no sale on execution or any further proceedings to condemn property, either real or personal, to the satisfaction of a judgment or decree. * * *

"The Court is, therefore, of the opinion that when the decree of divorce was entered in this case that this ended all of the proceedings in the divorce case, and that there was no case pending in which the intervenors could intervene in order to have their rights determined. That this Court, therefore, has no jurisdiction in this divorce case to determine the rights of the intervenors in and to said property and no jurisdiction to determine or to interpret the rights of the plaintiff in and to said property as far as these intervenors are concerned."

In a subsequent ruling after a motion to reconsider had been made by the plaintiff the court further stated in part:

"In other words, the parties themselves cannot confer jurisdiction on the Court in some cases, even though they attempt to do so. * * *

"The Court, therefore, definitely holds that plaintiff's cross-petition does not properly raise the issues and does not confer jurisdiction upon the Court and that the original ruling filed herein shall stand."

I. The general basis for a petition of intervention in Iowa is found in rule 75, R.C.P., which is as follows: "Any person interested in the subject matter of the litigation, or the success of either party to the action, or against both parties, may intervene at any time before trial begins, by joining with plaintiff or defendant or claiming adversely to both."

 In the case of Terrill v. Killion, 246 Iowa 1137, 70 N.W.2d 835, we commented on the circumstances when intervention would not be permitted and held one who had not shown himself to be a proper party under the statute was an interloper and could not intervene. The right to intervene in an action is usually raised by a motion to strike the petition of intervention. 67 C.J.S., Parties, section 71, page 1017; 39 Am. Jur., section 78, page 949; Cooper v. Erickson, 213 Iowa 448, 452, 453, 239 N.W. 87; First Nat. Bank of Leon v. Gill & Co., 50 Iowa 425, 427; Henry, Lee & Co. v. Cass County Mill & Elev. Co., 42 Iowa 33, 36.

■ II. It appears the right to question the filing of a petition of intervention may be waived in Iowa. In Massachusetts Bonding & Ins. Co. v. Novotny, 200 Iowa 227, 230, 202 N.W. 588, 590, we made this comment: "In Iowa, intervention is governed by statute; and, if a person attempts to take advantage of this remedy without bringing himself within the provisions of the statute, he is considered a mere 'interloper' who acquires no rights by his unauthorized interference, unless there was a waiver of objections."

In Des Moines Ins. Co. v. Lent, 75 Iowa 522, 525, 39 N.W. 826, 828, we stated: "One who attempts to intervene in an action pending between other parties, without bringing himself within the provisions of the statute, is a mere interloper, who acquires no rights by his unauthorized interference, unless objection thereto is waived."

The statement found in Floyd County v. Ramsay, 210 Iowa 1161, 1168, 230 N.W. 404, 407, although not determinative of that case is of import in this appeal. We there stated: "We think that by answering the petition and failing and neglecting to raise any question as to the filing of the petition in intervention all informalities and irregularities in that regard were waived."

■ In 67 C. J. S., Parties, section 145, page 1149, statements are made, bearing on the question now before us for consideration with cited authorities, as follows: "Failure to raise the objection at the proper time and in the proper manner, as by demurrer or answer, constitutes a waiver of the objection; and these rules have been applied to objections respecting substitution, addition, and intervention of parties. A party who brings about a change of parties has been held to waive objection to such change."

See also Jack & Toner v. D. M. & Ft. D. R. Co., 49 Iowa 627, 629; annotation 166 A.L.R. 913.

III. The intervenors by their motion to strike portions of the plaintiff's answer and cross-petition sought to limit the scope of the court's consideration of the matters pending before it. These same intervenors now seek to adopt the position taken by the trial court and claim the court did not have jurisdiction to pass upon the matter.

In Miller v. Pyrites Co., 4 Cir., Md., 71 F.2d 804, 807, the court commented on a situation somewhat similar to the one now presented in this appeal and stated: "One may not intervene in a suit, seeking the aid of the court, and at the same time attack the court's jurisdiction. As was said by Judge Waddill, of this court, in Union Trust Company v. Jones, 16 F.(2d) 236, 239: 'In any event, appellant itself, an intervenor in the same litigation to assert its unsecured indebtedness, was not in a position to make such claim. It could not intervene in and seek the aid of the court and at the same time attack and dispossess the court of its jurisdiction to proceed with the litigation in an orderly way. Equity Rule 37 [28 USCA §723] * * *'."

A further statement to the same effect is found in Neiderjohn v. Thompson, 38 Wyo. 28, 41, 264 P. 699, 701, as follows: "There is authority to the effect that one who voluntarily submits himself to the jurisdiction of the court having general jurisdiction of that class of cases, and asks relief with respect to the subject matter in controversy, cannot thereafter object to the regularity of the proceeding by which the court obtained jurisdiction over the subject of the action."

See also Carson Nat. Bk. v. American Nat. Bk., 225 Mo. App. 948, 34 S.W.2d 143, 147; Smith v. Smith, 115 Cal. App.2d 92, 251 P.2d 720, 723; Bryan v. Miller, 73 N.D. 487, 16 N.W.2d 275, 283.

This court has held lack of jurisdiction of the subject matter may not be waived but "where a court has general jurisdiction of the subject matter a lack of jurisdiction of the particular case may be waived, as may other objections to jurisdiction, such as lack of jurisdiction of the person [citing authorities]." McKim v. Petty, 242 Iowa 599, 604, 45 N.W.2d 157, 159. And in this last cited case it is held one who invokes or consents to a court's jurisdiction is estopped to question it on any ground other than lack of jurisdiction of the subject matter.

See also Laughlin v. Franc, 247 Iowa 345, 347, 73 N.W.2d 750, 752; Cuthbertson v. Harter Post No. 839, 245 Iowa 922, 929, 65 N.W.2d 83; Weidert v. Monahan Post Legionnaire Club, 243 Iowa 643, 648, 51 N.W.2d 400; Wilson v. Corbin, 241 Iowa 593, 605, 41 N.W.2d 702; Helton v. Crawley, 241 Iowa 296, 316, 317,

41 N.W.2d 60; Hulburd v. Eblen, 239 Iowa 1060, 1064, 33 N.W.2d 825; Franklin v. Bonner, 201 Iowa 516, 518, 207 N.W. 778.

■ Jurisdiction of the subject matter is given to a court solely by law. This right cannot be conferred by consent. Jurisdiction over a person is acquired by proper service of notice or by a voluntary submission to the jurisdiction of the court.

■ In the present action there can be no question the trial court had jurisdiction of the subject matter. The land is in Dallas County. It would unquestionably appear the court had jurisdiction of all the parties, the intervenors and the plaintiff-cross-petitioner, inasmuch as the intervenors by their petitions of intervention and the cross-petitioner in her answers and cross-petitions invoked the jurisdiction of the court. And the intervenors by seeking the aid of the court thus waived any jurisdictional question. The trial court should not make the basis of its ruling a contention which could not be sustained by the intervenors. It should be kept in mind the intervenors by filing motions attacking the cross-petition of Belle Morse and by participating in the trial consented to the jurisdiction of the court. Then too, the parties, as shown by the record heretofore set forth, consented to the trial court assuming the right to determine the issues involved. Our holding in Wharff v. Wharff, 244 Iowa 496, 502, 56 N.W.2d 1, gives support to our previously announced conclusions.

■ IV. It is the general rule intervention will not be allowed after final judgment or decree has been entered. This has been the position taken by this court in Jenkins Lbr. Co. v. Cramer Bros., 182 Iowa 161, 179, 160 N.W. 42; Henderson v. Farmers Sav. Bk., 199 Iowa 1156, 1160, 200 N.W. 581; First Trust Joint Stock Land Bank v. Cuthbert, 215 Iowa 718, 728, 729, 246 N.W. 810.

As bearing somewhat on the question here considered is Keehn v. Keehn, 115 Iowa 467, 473, 88 N.W. 957; Henry, Lee & Co. v. Cass County Mill & Elev. Co., supra. See also annotations 37 A. L. R.2d 1340.

However, it is our holding where the parties have sought the jurisdiction of the court and have waived any objection thereto,

as they did in the present case, the question of jurisdiction cannot thereafter be successfully raised. And this should be equally true even where a petition of intervention is filed after a decree has been entered and no appeal was taken. This would also be the situation where cross-petitions are filed to the petitions of intervention and the issues raised by the respective parties are submitted to and tried by the court.

By virtue of the fact the intervenors by their actions have waived their right to question the jurisdiction of the court it is our holding the trial court was in error in dismissing the petitions of intervention and plaintiff's cross-petitions. Consequently we reverse and remand the cause for a further consideration of the evidence originally submitted and such other matters as may be later presented.—Reversed and remanded.

All JUSTICES concur.