# IN THE COURT OF APPEALS OF IOWA

No. 20-0501
Filed April 14, 2021

**IN THE MATTER OF THE CONSERVATORSHIP OF ALDA HARAVON,**

**LESLEA HARAVON COLLINS,**
     Petitioner-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Paul D. Miller, Judge.

A petitioner in a conservatorship proceeding appeals the district court's award of attorney fees to an individual who opposed the conservatorship following the court's dismissal of the petition. **AFFIRMED.**

Steven E. Ballard and Emma C. Henry of Leff Law Firm, L.L.P., Iowa City, for appellant.

Alison Werner Smith of Hayek, Moreland, Smith & Bergus, L.L.P., Iowa City, for appellee Alda Haravon.

Joseph W. Younker and Janice J. Kerkove of Bradley & Riley PC, Cedar Rapids, for appellee Anita Haravon.

Considered by Mullins, P.J., and May and Schumacher, JJ.

**SCHUMACHER, Judge.**

Leslea Haravon Collins, who filed a petition requesting appointment of herself as conservator for her mother, Alda Haravon, appeals the district court's award of attorney fees to her sister, Anita Haravon, who opposed the conservatorship. Leslea asserts two issues on appeal. First, she argues her sister is not a proper party to obtain attorney fees, and even if her sister is a proper party, the trial court abused its discretion in ordering her sister's fees be paid from Alda's assets. Secondly, Leslea argues her mother's power of attorney did not authorize her sister to unilaterally incur attorney fees on her mother's behalf. We conclude the district court properly determined Alda should pay Anita's attorney fees incurred defending against the proposed conservatorship after dismissal of Leslea's petition. We affirm the decision of the district court.

## I.      Background Facts & Proceedings

Alda was born in Romania in 1928. She lived in France and Switzerland before immigrating to the United States. Her husband, Aristide, passed in 2009.[1] They have two daughters, Leslea and Anita. The last will and testament of Aristide created the Alda Haravon Credit Shelter Trust, which is administered under New York law. Anita and Leslea are current co-trustees. Alda is the sole lifetime

---

[1]Both Aristide and Alda are Holocaust survivors. Aristide, like Alda, was born in Romania. Prior to arriving in the United States, Aristide was forced into a labor camp. The Hebrew Immigrant Aid Society later sponsored him to come to New York City to "work in the Bronx as a nurse." Aristide trained as a physician in Europe and later established a successful practice as a cardiologist in the States. Prior to moving to the United States, Alda was an art buyer in Switzerland. She spoke five languages and tutored children once in the States. Alda lived in Pleasantville, New York, until 2010, when she moved to Iowa to be closer to Leslea's family. At the time of this trial, Alda was ninety years old and resided in a nursing home in Iowa.

beneficiary of the trust. After Alda's death, the trust assets are to be divided equally between Leslea and Anita.[2] Leslea lives in Iowa, and Anita lives in New York. On November 8, 2010, Alda signed an Iowa General Durable Power of Attorney (POA) appointing Leslea and Anita "as [her] Agents (attorneys-in-fact), to act for [her] in any lawful way, **with the requirement that they act together**." On the same date, Alda signed a New York POA appointing Leslea and Anita as her agents and stating the daughters must act together. It was undisputed at the trial on the conservatorship petition that Alda lacks the capacity to make important decisions concerning her financial affairs. Leslea and Anita's disagreement centers on how Alda's assets should be invested.[3]

On June 20, 2017, Leslea filed a petition seeking to be appointed as Alda's conservator.[4] An attorney was appointed for Alda as the proposed protected person. On August 8, Anita filed an answer and raised affirmative defenses to the petition. Anita stated she was appearing in the action "in her capacity as attorney-in-fact and agent for Alda." Leslea later amended her petition to request the

---

[2] The assets of the trust included an investment account at Wells Fargo, co-op shares in a New York City apartment, and co-op shares in a vacation rental located in Montauk, New York. The value of the assets at the time of trial was approximately $2.5 million.

[3] Leslea believed her mother's Wells Fargo investments should be transferred to Vanguard. The sisters also had a disagreement on the timing of a voluntary disclosure of an account held in Switzerland. Anita traveled to Switzerland with Leslea's husband on at least one occasion to address this concern. This account was originally established by Alda's parents to aid in assistance if "they needed to get out, and they needed money to do it." This matter had been resolved by the time of trial.

[4] Pursuant to Iowa Code section 633.568 (2017), notice is required to be served on the ward and spouse of the ward. If the ward has no spouse, notice is required to be served upon the proposed ward's adult children, if any. An affidavit of mailing notice to Anita was filed on July 24, 2017.

appointment of a temporary conservator. Anita filed an answer and affirmative defenses to the amended petition. On December 12, 2018, Anita filed a petition in probate. In her petition, Anita denied that a temporary conservator was necessary, but if determined necessary, Anita requested the appointment of a corporate fiduciary to serve as temporary conservator prior to the time of trial on Leslea's petition.[5] Both Leslea and Anita conducted discovery, with each serving interrogatories and request for production. Leslea also served Anita with requests for admissions. Leslea's notice of discovery requests indicates the requests were served "by email with copies to all parties and attorneys of record in this action." The notice specifically listed the attorney for Anita and the attorney for Alda. There was no objection by Leslea or Alda to Anita's participation in the case. Throughout the proceedings, counsel represented Anita.

Following a trial, the district court dismissed the petition.[6] The district court found the Iowa POA unambiguously provided that Leslea and Anita should work together. The court stated, "Alda's intent about who should manage her financial assets if she should be unable is crystal clear." The court concluded Leslea failed to satisfy her burden of proof to show by clear and convincing evidence a conservatorship was necessary. The court reserved ruling on the assessment of attorney and expert fees that were incurred by Alda and Anita pursuant to Iowa Code section 633.551(5).

---

[5] A hearing was not held on either daughter's request for a temporary conservator.
[6] The dismissal of the petition for appointment of conservator was not appealed.

Anita filed a request for $193,175.89 in attorney fees, $8000 in expert fees, and $2030.80 in mediator fees, for a total of $203,206.69.[7] Her attorneys filed an affidavit stating Anita was represented "in her Capacity as Attorney-in-Fact and Agent for Alda Haravon in this action." Leslea resisted the request for attorney and expert fees, claiming for the first time Anita was not a party entitled to fees under section 633.551(5). Leslea filed a request for reimbursement of attorney fees and costs of $106,774.52, to be paid by Alda. In addition, the attorney appointed to represent Alda requested attorney fees.

The district court stated that it agreed with Anita's interpretation of section 633.551(5) more so than Leslea's interpretation of the statute. The district court determined:

> Based upon the complexity of this case, the skill and experience of [the attorneys for Leslea and Anita] and the litigiousness of the parties, I FIND that the services rendered by each attorney and their law firms and the fees incurred were reasonable and necessary and should be paid from Alda Haravon's personal funds. Alda has sufficient funds/assets to pay these amounts and still enjoy a more than comfortable standard of living for the balance of her life.

The court also ruled that Leslea would be responsible for paying all of the court costs and expert witness fees and the attorney representing Alda should be paid $25,647.13 from Alda's personal assets. Leslea appealed the district court's decision ordering Alda to pay Anita's attorney fees; Leslea did not appeal the district court's decision requiring Alda to pay Leslea's attorney fees. Alda filed a brief in this appeal and requests the district court's award of attorney fees be

---

[7] Leslea raised the reasonableness of attorney fees on appeal for the first time in her reply brief. We do not consider this argument raised for the first time in her reply brief. *See Young v. Gregg*, 480 N.W.2d 75, 78 (Iowa 1992).

affirmed, with the attorney fees incurred by both of her daughters be paid by herself. Neither Alda nor Anita challenge Leslea's standing to object to the payment of Anita's attorney fees by her mother.

## II. Standard of Review

Under section 633.33, our review of an action to establish a conservatorship is for the correction of errors at law. *See In re Conservatorship of Alessio*, 803 N.W.2d 656, 659 (Iowa 2011) ("Actions . . . for the involuntary appointment of guardians and conservators . . . shall be triable in probate as law actions." (quoting Iowa Code § 633.33)). Also, on issues of statutory interpretation, we review for the correction of errors at law. *Merrill v. Valley View Swine, LLC*, 941 N.W.2d 10, 15 (Iowa 2020).

We review the district court's decision awarding attorney fees in this action to establish a conservatorship for an abuse of discretion. *See Ferguson v. Exide Techs., Inc.*, 936 N.W.2d 429, 435–36 (Iowa 2019) (applying abuse of discretion standard to review of lower court's award of discretionary attorney fees). "An abuse of discretion occurs when the 'decision is based on a ground or reason that is clearly untenable or when the court's discretion is exercised to a clearly unreasonable degree.'" *Anderson v. Anderson Tooling, Inc.*, 928 N.W.2d 821, 826 (Iowa 2019) (citation omitted).

## III. Discussion

A. Leslea claims Anita is not entitled to an award of attorney fees under section 633.551(5). She states that only a petitioner and a proposed protected

person are entitled to an award of attorney fees from the proposed protected person's assets. Leslea highlights that Anita did not intervene in the action.[8]

Section 633.551(5) provides:

> Except as otherwise provided in sections 633.672[9] and 633.673,[10] in proceedings to establish a guardianship or conservatorship, the costs, including attorney fees, court visitor fees, and expert witness fees, shall be assessed against the respondent or the respondent's estate unless the proceeding is dismissed either voluntarily or involuntarily, in which case fees and costs may be assessed against the petitioner for good cause shown.

The Iowa Court of Appeals has interpreted this provision "to only allow for assessment of attorney fees that the district court, in its discretion, deems reasonable under the circumstances." *In re Guardianship of Norelius* (*Norelius I*), No. 18-1273, 2020 WL 402048, at *3 (Iowa Ct. App. Jan. 23, 2020) (considering attorney fees for the petitioners). The statute provides that costs, including attorney fees, will be paid by the proposed protected person or that person's estate. *In re Guardianship of Norelius* (*Norelius III*), No. 19-1494, 2020 WL 1049536, at *2 (Iowa Ct. App. Mar. 4, 2020) (considering attorney fees for the guardian).

In the case *In re Guardianship of Norelius* (*Norelius II*), the petitioners who sought to establish an involuntary guardianship claimed an intervenor in the action was not entitled to attorney fees under section 633.551(5) because the intervenor was not seeking to establish a guardianship. No. 19-0210, 2020 WL 2544234, at

---

[8] Iowa Code section 633.701 defines "party" as "the respondent, petitioner, guardian, conservator, or any other person allowed" to participate in a guardianship or conservatorship proceeding.

[9] Section 633.672 pertains to the payment of court costs in conservatorships.

[10] Section 633.673 refers to the payment of court costs in guardianships.

*1–2 (Iowa Ct. App. Jan. 23, 2020). The intervenor's attorney fees were paid from a previously established conservatorship for the proposed protected person. *Id.* at *1. The Iowa Court of Appeals rejected the petitioners' claims, stating,

> This was a proceeding to establish a guardianship and conservatorship and was not dismissed. [The intervenor] was a party to the proceeding. Even if he did not present evidence in support of establishing a guardianship, he was instrumental in aiding the resistance of all parties, except the appellants, against the appellants being appointed guardians of the ward. We find no legal error in the district court's conclusion that section 633.551(5) applied to [the intervenor].

*Id.* at *2. The court affirmed the district court's award of attorney fees to the intervenor. *Id.* *Norelius II*, however, is not directly on point as the individual awarded fees was the boyfriend of the ward, not a relative; he successfully intervened into the proceeding, and the petition was not dismissed. *See id.* In the instant case, the challenge is to a daughter's attorney fees, an individual entitled to notice under the statutory provisions, and the petition was ultimately dismissed.

We note the right to question the filing of a petition of intervention may be waived in Iowa. In *Massachusetts Bonding & Insurance Co. v. Novotny*, 202 N.W. 588, 590 (Iowa 1925), the supreme court commented: "In Iowa, intervention is governed by statute, and if a person attempts to take advantage of this remedy without bringing himself within the provisions of the statute, he is considered a mere 'interloper' who acquires no rights by his unauthorized interference, unless there was a waiver of objections." *See also Morse v. Morse*, 77 N.W.2d 622, 626 (Iowa 1956).

We conclude Anita properly participated in this case because none of the other parties objected. *See Norelius II*, 2020 WL 2544234, at *1. The petition for

the appointment of a conservator was on file for approximately two and one-half years. Both Leslea and Anita filed a petition for appointment of a temporary conservator. Discovery was conducted by both daughters. Notably, Leslea made no objection to Anita's participation until after the trial was concluded. Leslea raised this issue only after the district court's ruling when Anita requested reimbursement of attorney fees expended in defense of Leslea's petition. We determine Leslea waived the objection to Anita's participation in the case. A litigant may waive its objection to intervention by failing to object in a timely fashion, *see Public Service Co. of Colorado v. Blue River Irrigation Co.*, 753 P.2d 737, 740 (Colo. 1988); *Morse*, 77 N.W.2d at 626; *Ostler v. Buhler*, 989 P.2d 1073, 1076 (Utah 1999), or by failing to move to strike the plea in intervention. *See Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998). "If a petition in [intervention] is answered and the trial is had without objection, it is thereafter too late to question the validity of the proceeding." *Zeitinger v. Hargadine-McKittrick Dry Goods Co.*, 250 S.W. 913, 916 (Mo. 1923). However, absent waiver by the parties, nonparties must adhere to the procedural requirements of the applicable intervention rule in order to intervene in an action. *See id.*

Because the petition to establish a conservatorship was dismissed, the court could assess attorney fees against Alda or Leslea. *See* Iowa Code § 633.551(5). We determine the district court did not abuse its discretion in finding that attorney fees should be paid by Alda. *See Norelius II*, 2020 WL 2544234, at *2. The statute does not limit who may be paid attorney fees; it only addresses the source of payment for the attorney fees. Iowa Code § 633.551(5). Although Anita

did not formally intervene in the case, she was instrumental in resisting the proposed conservatorship.

As we find Leslea did not object to Anita's participation, we need not determine if Anita fits under the definition of a party pursuant to Iowa Code section 633.701 as a respondent, petitioner, guardian, conservator, or any other person allowed to participate in a guardianship or conservatorship proceeding. However, there is no question in this record that Anita was allowed active participation in the conservatorship proceeding since its inception, filing pleadings, providing testimony, including an expert witness, offering exhibits, and participating in discovery and mediation.

**B.** Anita stated she was appearing in the action "in her capacity as attorney-in-fact and agent for Alda." Leslea states that under the terms of the POA, Anita was not able to unilaterally incur attorney fees. While the POA gives the power "to retain and pay attorneys for all purposes," the POA requires Anita and Leslea to work together. Leslea claimed Anita was not entitled to attorney fees under the POA.

The attorney for Alda in this proceeding did not object to the award of attorney fees to Anita and Leslea from Alda's assets. The attorney states:

> The district court does not appear to have relied on the mere existence of the power of attorney as the justification for the attorney fees. Leslea is correct that the power of attorney does not unilaterally authorize either sister to incur attorney fees on behalf of their mother. However, the district court's rationale was based on the district court's inherent power to make a fee award, and it apparently felt that the pre-existing joint power of attorney at least supported the equities of the result, i.e. that each sister's efforts to protect their mother's interest as they thought best through the use of the legal system should be paid from Alda's assets.

In a case where family members sought a conservatorship and other family members opposed the conservatorship, the Tennessee Court of Appeals noted the district court could determine whether requests for attorney fees "were related to the conservatorship and thereby awardable as money judgments within the conservatorship proceedings." *In re Conservatorship of Hudson*, 578 S.W.3d 896, 906 (Tenn. Ct. App. 2018). Anita's attorney fees were incurred in relation to the conservatorship and were made for the benefit of Alda. The attorney for Alda noted, "[b]oth sisters determined it was necessary to separately incur their own legal fees to properly protect and represent their mother's interests as the joint agents."

We conclude the district court properly determined Alda should pay Anita's attorney fees that were incurred defending against the proposed conservatorship. We affirm the decision of the district court.

**AFFIRMED.**